IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ZEST LABS, INC. f/k/a INTELLEFLEX CORPORATION; and ECOARK HOLDINGS, INC. | § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:18-cv-500-JM |
| v. | § § | |
| WALMART INC. f/k/a WAL-MART STORES, INC. | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**PLAINTIFF ZEST LABS' OPPOSITION TO
DEFENDANT WALMART INC.'S MOTION FOR EXTENSION OF TIME TO FILE
RESPONSES TO PLAINTIFFS' COMPLAINT, MOTION FOR PRELIMINARY
INJUNCTION, AND MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Zest Labs[1] opposes Defendant Walmart Inc.'s ("Walmart") Motion for Extension of Time

(the "Motion", Dkt. No. 27).  The Motion, filed without contacting or conferring with counsel for

Zest Labs, not only seeks **30 more** days to respond to Zest Labs' Complaint and **14 more** days to

respond to Zest Labs' Motion for Expedited Discovery (Dkt. No. 20) (beyond the standard 14 days

provide by Local Rule 7.2(b)), but also asks the Court to **completely suspend the briefing** on Zest

Labs' Motion for Preliminary Injunction (Dkt. No. 18).  The Motion has less to do with extending

briefing deadlines for Walmart's convenience than with delaying these urgent proceedings in their

entirety.   Moreover, as set forth below, Walmart's current position is inconsistent and

disingenuous—just two months ago Walmart fought for and received expedited discovery and an

early preliminary injunction hearing in a case filed by Walmart involving claims for breach of a

---

[1] As used herein, "Zest Labs" refers collectively to Plaintiffs Zest Labs, Inc. and Ecoark Holdings, Inc.

1

confidentiality agreement.  What is good for Walmart the Plaintiff must be good for Walmart the Defendant.

## I.     INTRODUCTION

The  Motion should be denied for three reasons:  (1) Walmart failed to comply with Local Rule 6.2, which requires the movant to contact and confer with the adverse party before seeking extensions of time; (2) Zest Labs' requests for expedited discovery and a preliminary injunction warrant a briefing schedule that is, at minimum, consistent with the standard local rules; and (3) Walmart has not shown good cause for the extensive delays it is seeking and will suffer no prejudice in responding to Zest Labs' motions on the customary briefing schedule—indeed Walmart's Motion is already replete with arguments directed to the merits of Zest Labs' motions.

## II.    ANALYSIS

### A.     The Court Should Dismiss Walmart's Motion for Failure to Comply with Local Rule 6.2.

Local Rule 6.2 requires that, "In every motion for a continuance, every motion for any extension of time, or for leave to do any act out of time, *the motion shall state that the movant has contacted the adverse party* (or parties) with regard to the motion, and also state whether the adverse party opposes or does not oppose same."  Local Rule 6.2(b) (emphasis added).  Local Rule 6.2 further states that if a movant fails to comply with the requirement, "*the motion may be dismissed summarily for failure to comply with this rule.*  Repeated failures to comply will be considered an adequate basis for the imposition of sanctions."  *Id.* (emphasis added).

The Local Rule is clear—conference with the adverse party is not optional.  And rightfully so, as meet and confer requirements foster judicial efficiency.[2]

Walmart has now failed to comply with Local Rule 6.2 two times in three business days: (1) Walmart filed its August 13 motion for an extension (Dkt. No. 25) without first conferring with counsel for Zest Labs, and (2) today Walmart filed the current Motion wholly unannounced.  If Walmart had merely complied with the rules, it would have learned from Zest Labs' counsel the limited scope of injunctive relief that Zest Labs seeks and how Walmart might be able to moot certain issues now before the Court ***by simply agreeing to certain, limited injunctive relief***, which should not even be controversial.  Had it chosen to confer before filing, Walmart also would have had the opportunity to reach a compromise focusing on issues that need be resolved immediately versus those for which a moderate extension may be warranted (*e.g.*, answering the Complaint).

Walmart chose instead to ignore the Local Rules in the hope of obtaining unreasonable extensions that will delay the discovery and preliminary relief necessary to protect Zest Labs' trade secrets.  The Motion should therefore be denied or dismissed under Local Rule 6.2.  Walmart still has five calendar days before its opposition briefs are due, which offers ample time to formulate a response to Zest Labs' motions.  Walmart's failure to follow the Local Rules should not be rewarded with unwarranted deviation from a standard briefing schedule.

---

[2] *See, e.g.*, *Icenhower v. Total Auto., Inc.*, No. CIV. 14-1499 ADM/TNL, 2014 WL 4055784, at *2 (D. Minn. Aug. 15, 2014) ("As a final note, the meet and confer requirement stated in Local Rule 7.1(a) is not a meaningless procedural hurdle attorneys should simply check off their lists before filing a motion. As this case demonstrates, good faith communications with opposing counsel can reduce or eliminate unnecessary motion practice."); *Harper v. City of Dallas, Texas*, No. 3:14-CV-2647-M, 2017 WL 3674830, at *13 (N.D. Tex. Aug. 25, 2017) ("The conference requirements of the Federal Rules of Civil Procedure and the local rules of this Court serve the important function of narrowing or eliminating issues before a party seeks judicial involvement."); *Leath v. Tracer Constr. Co.*, No. 1:08-CV-358, 2009 WL 10676768, at *4 (E.D. Tex. Apr. 8, 2009) (emphasizing the importance of local rules that "impose a 'meet and confer' requirement as part of motions practice").

**B.     Zest Labs' Motions Warrant Prompt Consideration, and There Is No Basis to Depart from the Standard Briefing Schedule.**

This case involves claims of trade secret misappropriation, fraud, and breach of contract. And while time is of the essence, the relief sought by Zest Labs' motions is narrow, reasonable, and tailored to the need of ensuring that Zest Labs' trade secrets remain secret during the pendency of this litigation.   For example, the Motion for Expedited Discovery seeks limited discovery for the purpose of determining the scope of Walmart's misappropriation and disclosure of Zest Labs' trade secrets to third parties.  Similarly, the Motion for Preliminary Injunction is narrowly directed to ensuring that Zest Labs' trade secrets remain secret and are not disclosed to the public or Zest Labs' competitors while this case proceeds.   This narrow injunctive relief should be noncontroversial; these are all things that Walmart should already be doing as part of sound business practices.  The fact that Walmart is seeking to indefinitely delay briefing on the motion raises serious concerns about Walmart's current conduct and business practices.   It also emphasizes the importance of installing prompt and adequate protections over Zest Labs' technology and confidential information.  Walmart's Motion is merely an attempt to delay briefing on the motions and, ultimately, convening the preliminary injunction hearing.

Walmart presents no adequate basis for seeking such a delay.  The Eighth Circuit has emphasized the importance of expeditiously setting hearings on preliminary injunction motions. *See Movie Sys., Inc. v. MAD Minneapolis Audio Distributors, a Div. of Smoliak & Sons, Inc.*, 717 F.2d 427, 432 (8th Cir. 1983) ("By its nature, an application for a preliminary injunction often requires an expeditious hearing and decision.") (quoting *Wounded Knee Legal Defense/Offense Committee v. Federal Bureau of Investigation,* 507 F.2d 1281, 1286–87 (8th Cir. 1974)); *see also* 28 U.S.C. § 1657 (West) ("[E]ach court of the United States . . . shall expedite the consideration

4

of . . . any action for temporary or preliminary injunctive relief.").  Instead of acknowledging this reality, Walmart's Motion discusses the date the Complaint was filed and the fact that Zest's Motion for Preliminary Injunction was filed just six days later.  Walmart presents no harm that it would suffer from having to respond to the Motions in the normal course.  In fact, it presents no suggestion that Plaintiff's requested relief would cause any harm to Walmart.  Walmart's arguments are also without merit.

As the law requires, Zest Labs diligently researched the facts surrounding this case and Walmart's Eden system before filing this case.  The Complaint expressly notes that Zest Labs seeks injunctive relief (*See* Dkt. No. 1 at ¶¶ 98-106), and Zest Labs filed its Motion for Preliminary Injunction within a week of filing the Complaint.  Even the case law cited by Walmart in support of its "delay" argument does not support Walmart's argument because the case involves a profoundly different timeline.  *See* Motion at ¶ 10.  In *United States v. Arkansas*, the Plaintiff did not file a motion for preliminary injunction until seven years after its investigation began and fourteen months after the complaint was filed.  The delay was measured in months and years, not six days,[3] and does not support an extension in this case.

Finally, Walmart's argument that briefing should be delayed because Zest Labs has not sought a temporary restraining order is both meritless and disingenuous.  Walmart itself filed a case in Delaware Chancery Court only two months ago that included a request for preliminary injunction, ***but not*** a request for temporary restraining order.  *See* Exhibit A, Delaware Court of

---

[3] *United States v. Arkansas*, No. 4:09-CV-0033-JLH, 2010 WL 1408818, at *4 (E.D. Ark., Apr. 7, 2010) (denying preliminary injunction, but noting that Plaintiff "has moved for a preliminary injunction more than seven years after it started investigations; almost six years after issuing its findings on the investigations; almost fourteen months after the complaint was initially filed; approximately six months after its experts completed weeks of onsite investigations at the CHDC; and only six months in advance of a potentially month-long trial on the merits.").

Chancery Docket from Case No. 2018-0414.  Of course, Walmart also filed a motion asking the court to "enter [an] order expediting proceedings . . . and allowing Walmart to pursue preliminary injunctive relief."  *See* Exhibit B, Walmart's Motion for Expedited Proceedings, Case No. 2018-0414 (Del. Ch. Ct. 2018), at 14.  Walmart obtained a hearing on its Motion to Expedite Proceedings within a week of filing the motion.  *Id.*  The specific requests that Walmart made therein (which were promptly granted) are telling; Walmart obtained an order: (1) requiring the defendant to answer 16 days after Walmart filed the its June 6, 2018 complaint; (2) allowing expedited discovery to begin on June 25, 2018; and (3) setting a preliminary injunction hearing for August 30, 2018.  *See* Exhibit C, June 14, 2018 Order.  Walmart promptly served requests for production and interrogatories on the defendant on June 26, 2018.  *See* Exhibit A at 6.

What is good for Walmart the Plaintiff must also be good for Walmart the Defendant.  Just as in its own cases, there is little reason here to delay a request for expedited discovery and for preliminary injunctive relief.

## C.     Walmart Has Not Shown Good Cause and Will Suffer No Prejudice from Responding to the Motions in a Timely Manner.

Walmart has not shown good cause pursuant to Federal Rule of Civil Procedure 6(b)(1) for an extension of time and will suffer no prejudice from responding to Zest Labs' motions in the usual time frame.  Indeed the substance of Walmart's Motion belies its requested need for additional time to respond to the merits of Zest Lab's Motion for Expedited Discovery and Motion for Preliminary Injunction—Walmart already propounds several pages of argument directed to the merits underlying Zest Labs' motions.  The current deadline for Walmart's responses is August 21, 2018, which provides Walmart ample time to respond to Zest Labs' motions.

Moreover, Walmart's assertion that Zest Labs has delayed in filing this case and its preliminary injunction motion is both baseless on the merits and irrelevant to the issue of whether Walmart should succeed in postponing briefing on the motion for preliminary injunction while also delaying briefing on the motion for expedited discovery.  The case does involve billions of dollars as Walmart notes, but these facts are not complicated:  Walmart has had access to the exact substance of Zest Labs' claims since service of the Complaint on August 1, 2018, and it has had access to Zest Labs' arguments related to the preliminary injunction since service of the pending motions on August 7, 2018—ample time to determine its position before the upcoming briefing deadlines.  Simply put, Walmart is one of the largest corporations in the world and a sophisticated litigant with extensive experience and resources.  It prides itself on Walmart Legal's efforts to "forecast[] possible issues and work[] ahead of them to ensure the company's readiness." *See* https://corporate.walmart.com/leadership/karen-roberts (last visited Aug. 16, 2018).  Given the parties' history, Walmart could have easily "forecast[ed]" these legal issues and "work[ed] ahead of them to ensure the company's readiness."   It defies logic that Walmart now argues the proceedings are going too quickly, while at the same time fighting a request to protect trade secrets.

Finally, while Walmart would suffer no prejudice from responding to Zest Labs' motions according to the usual time frame, Zest Labs would suffer prejudice if the Court grants Walmart's motion.  Every day that passes is another day that Zest Labs risks irreparable harm from disclosure of its trade secrets.  Zest Labs simply cannot afford to let the clock run indefinitely in litigating its Motion for Preliminary Injunction—delays at this early stage will cause delays in later stages of this litigation, ultimately harming Zest's interests in guarding its proprietary information that was taken from it by Walmart.

7

From the day Walmart has appeared in this case, it has done nothing other than seek to delay its responses to pending motions, necessary discovery, and ultimately the preliminary injunction hearing.  Zest Labs requests that the court require Walmart to respond to the pending motions on the normal briefing schedule, allow Zest Labs the discovery it seeks over the next three weeks and set a hearing on the motion for preliminary injunction at the end of the abbreviated discovery period.

## III.    CONCLUSION

There is no justification for Walmart's repeated failure to comply with Local Rule 6.2, nor for its requested extensions and the requested stay of briefing on the Motion for Preliminary Injunction.  Walmart's Motion should be dismissed for failure to comply with Local Rule 6.2 and/or otherwise denied given the unwarranted nature of the extensions that Walmart seeks.

Dated: August 16, 2018                      Respectfully submitted,


By: */s/ Michael Simons*
Fred I. Williams (*pro hac vice*)
Texas State Bar No. 00794855
Michael Simons (*pro hac vice*)
Texas State Bar No. 24008042
Jonathan L. Hardt *(pro hac vice)*
Texas State Bar No. 24039906
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
512.542.8400 telephone
512.542.8610 facsimile
fwilliams@velaw.com
msimons@velaw.com
jhardt@velaw.com

Todd E. Landis *(pro hac vice)*
Texas State Bar No. 24030226

VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201
214.220.7700 telephone
214.220.7716 facsimile
tlandis@velaw.com

Clifford Thau (*pro hac vice*)
New York State Bar No. 1786102
VINSON & ELKINS LLP
666 Fifth Avenue, 26th Floor
New York, NY 10103
212.237.0000 telephone
212.237.0100 facsimile
cthau@velaw.com

Dustin B. McDaniel, Bar # 99011
Scott Richardson, Bar # 2001208
Bart Calhoun, Bar # 2011221
McDaniel, Richardson, & Calhoun PLLC
1020 West 4th St., Suite 410
Little Rock, AR 72201
501.235.8336
501.588.2104 fax
dmcdaniel@mrcfirm.com
scott@mrcfirm.com
bcalhoun@mrcfirm.com

Ross David Carmel, Esq. *(pro hac vice)*
New York State Bar No. 4686580
CARMEL, MILAZZO & DiCHIARA LLP
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458 telephone
(646) 838-1314 facsimile
rcarmel@cmdllp.com

*Attorneys for Plaintiffs Zest Labs, Inc. f/k/a*
*Intelleflex Corporation, and Ecoark Holdings, Inc.*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 16, 2018, the foregoing document was served on all counsel of record, using the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.


*<u>/s/ Michael Simons</u>*
Michael Simons

10