IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ZEST LABS, INC. f/k/a INTELLEFLEX CORPORATION; and ECOARK HOLDINGS, INC. <br><br> Plaintiffs, <br><br> v. <br><br> WALMART INC. f/k/a WAL-MART STORES, INC. <br><br> Defendant. | § § § § § § § § § § § § § | Civil Action No. 4:18-cv-500-JM <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION FROM DEFENDANT**

Plaintiffs Zest Labs, Inc. f/k/a Intelleflex Corporation and Ecoark Holdings, Inc. (collectively "Plaintiffs" or "Zest Labs") respectfully move the Court for an order compelling Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart") to produce documents responsive to Request for Production Nos. 9-10, 14-18, 66-69, 71-72, 74, and 77, and to supplement Walmart's response to Interrogatory No. 4, pursuant to Local Rule 7.2, the Federal Rules of Civil Procedure 26, 33, 34, and 37, and the Court's Discovery Order (Dkt. No. 85).

1. Zest Labs filed a Complaint on August 1, 2018 alleging, among other things, that Walmart has breached a non-disclosure agreement that Walmart entered into with Zest Labs and violated the Defend Trade Secrets Act and Arkansas Trade Secrets Act by misappropriating Zest Labs' trade secrets.

2. Zest Labs filed a Motion for Preliminary Injunction (Dkt. No. 18) on August 6, 2018. On the same day, Plaintiffs filed a Motion For Expedited Discovery (Dkt. No. 20), seeking

to conduct limited discovery on an expedited basis, in advance of a hearing on their motion for preliminary injunction.

3. In its Order of October 10, 2018, the Court found that the motion for expedited discovery was moot "because the parties will be allowed to conduct discovery in the normal course."

4. Following a Rule 26(f) meet and confer between the parties on October 17, 2018, Zest Labs served its First Set of Interrogatories and its First Set of Requests for Production on October 17, 2018.

5. The Court entered the parties' Agreed Scheduling Order (Dkt. No. 75) on October 22, 2018, which set a deadline of November 9, 2018 for the parties to submit a proposed Discovery Order.

6. The Court entered the Discovery Order (Dkt. No. 85) on November 14, 2018, which includes a "No Excuses" provision at paragraph 14, which reads in full: "A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent a Court order to the contrary, a party is not excused from disclosure because there are pending motions such as motions to dismiss or to change venue."

7. On November 28, 2018, Walmart served its Responses and Objections to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production.

8. Rule 37(a) of the Federal Rules of Civil Procedure provides:

(1) General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

* * *

(3) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

* * *

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

* * *

(5) Payment of Expenses

(A) If the motion is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a).

9.      This Motion is supported by and for the reasons set forth more fully in the accompanying Brief filed herewith, as well as the exhibits appended thereto, including:

- Zest Labs' First Set of Requests For Production (Exhibit A)

- Walmart's Responses and Objections to Zest Labs' First Set of Requests For Production (Exhibit B)

- Walmart's Reponses and Objections to Zest Labs' First Set of Interrogatories (Exhibit C)

- Walmart's Responses and Objections to Zest Labs' Second Set of Requests For Production (Exhibit D)

- Letter from Michael Simons to P. Anthony Sammi, dated December 17, 2018 (Exhibit E)

- Letter from P. Anthony Sammi to Michael Simons, dated December 21, 2018 (Exhibit F)

- Letter from P. Anthony Sammi to Jonathan Hardt, dated December 21, 2018 (Exhibit G)

- Letter from Fred Williams to Edward Tulin, dated January 5, 2019 (Exhibit H)

- Letter From Michael Simons to P. Anthony Sammi, dated January 14, 2019 (Exhibit I)

- Letter from Fred Williams to Edward Tulin, dated January 16, 2019 (Exhibit J)

- Letter from Michael Simons to P. Anthony Sammi, dated January 24, 2019 (Exhibit K)

- Letter from Edward Tulin to Michael Simons, dated January 25, 2019 (Exhibit L)

- Email from P. Anthony Sammi to Michael Simons et al., dated January 31, 2019 (Exhibit M)

- Letter from P. Anthony Sammi to Michael Simons, dated February 1, 2019 (Exhibit N).

10. Pursuant to L.R. 7.2(g), Zest Labs states that the parties have exchanged correspondence and have conferred by phone in good faith on the specific issues in dispute, and are not able to resolve their disagreements on these issues without the intervention of the Court.

WHEREFORE, Zest Labs respectfully move the Court for an order compelling Walmart to produce documents responsive to Request for Production Nos. 9-10, 14-18, 66-69, 71-72, 74, and 77, and to supplement Walmart's response to Interrogatory No. 4.

Dated: February 5, 2019

Respectfully submitted,

By: */s/ Scott P. Richardson*
Fred I. Williams (*pro hac vice*)
Texas State Bar No. 00794855
Michael Simons (*pro hac vice*)
Texas State Bar No. 24008042
Jonathan L. Hardt *(pro hac vice)*
Texas State Bar No. 24039906
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
512.542.8400
512.542.8610 fax

fwilliams@velaw.com
msimons@velaw.com
jhardt@velaw.com

Todd E. Landis *(pro hac vice)*
Texas State Bar No. 24030226
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201
214.220.7700
214.220.7716 fax
tlandis@velaw.com

Clifford Thau (*pro hac vice*)
New York State Bar No. 1786102
VINSON & ELKINS LLP
666 Fifth Avenue, 26th Floor
New York, NY 10103
212.237.0000
212.237.0100 fax
cthau@velaw.com

Dustin B. McDaniel, Bar # 99011
Scott Richardson, Bar # 2001208
Bart Calhoun, Bar # 2011221
McDaniel, Richardson, & Calhoun PLLC
1020 West 4th St., Suite 410
Little Rock, AR 72201
501.235.8336
501.588.2104 fax
dmcdaniel@mrcfirm.com
scott@mrcfirm.com
bcalhoun@mrcfirm.com

Ross David Carmel, Esq. *(pro hac vice)*
New York State Bar No. 4686580
CARMEL, MILAZZO & DiCHIARA LLP
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458
(646) 838-1314 fax
rcarmel@cmdllp.com

*Attorneys for Plaintiffs Zest Labs, Inc. f/k/a Intelleflex Corporation and Ecoark Holdings, Inc.*

- 6 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 6, 2019, the foregoing document was served on all counsel of record, using the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

                                           */s/ Scott P. Richardson*
                                           Scott P. Richardson