IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZEST LABS, INC. F/K/A INTELLEFLEX
CORPORATION AND ECOARK HOLDINGS, INC.                    PLAINTIFFS

v.                    CASE NO. 4:18-CV-00500-JM

WALMART INC. F/K/A WAL-MART STORES, INC.                    DEFENDANT

**DEFENDANT'S MOTION TO EXCLUDE CERTAIN PROPOSED
EXPERT TESTIMONY OF MARK LANNING**

**REDACTED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZEST LABS, INC. F/K/A INTELLEFLEX
CORPORATION AND ECOARK HOLDINGS, INC.                    PLAINTIFFS

v.                    CASE NO. 4:18-CV-00500-JM

WALMART INC. F/K/A WAL-MART STORES, INC.                 DEFENDANT

### DEFENDANT'S MOTION TO EXCLUDE CERTAIN PROPOSED EXPERT TESTIMONY OF MARK LANNING

Pursuant to Rule 702 of the Federal Rules of Evidence, and the standards set forth by the U.S. Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart") respectfully moves for an Order excluding trial testimony on the topics discussed herein from technical expert Mark Lanning. As grounds for this Motion, Walmart states:

1. Plaintiffs allege that Walmart breached a non-disclosure agreement ("NDA") and violated the Defend Trade Secrets Act and Arkansas Trade Secrets Act by misappropriating trade secrets and other confidential information relating to their Zest Fresh technology that Plaintiffs disclosed to Walmart, and using or disclosing that information in connection with Walmart's Eden/Muse technology. (*See* Dkt. No. 1.)

2. On October 29, 2019, Plaintiffs served a 271-page expert report from Mark Lanning ("the Lanning Report") (Omnibus Ex. No. 26).

3. Nearly 80% of the Lanning Report is devoted to his opinions that Walmart disclosed certain Zest Confidential Information in a patent application that was published on May 16, 2019 ("the Bohling Application"). (Omnibus Ex. No. 26 at 56-254.) In particular, Mr. Lanning

contends that none of the information in the Bohling Application was readily ascertainable or generally known prior to the publication of the Bohling Application. (*Id.*)

4. The information disclosed in the Bohling Application relates primarily to managing the retail fresh food supply chain, predicting the shelf-life of fresh food, and reducing fresh food waste.

5. Mr. Lanning's opinions relating to the foregoing aspects of the Bohling Application fail to satisfy Rule 702 of the Federal Rules of Evidence and the standards in *Kumho* and *Daubert* because (a) he is not qualified to opine on areas that are outside his expertise and experience; (b) those opinions are not the product of reliable methodology.

6. Mr. Lanning has never managed a retail supply chain, worked on a shelf-life prediction model, or had any first-hand experience with waste reduction efforts. He has a computer science degree and has a background in programming for telecommunications applications. His only experience in the areas of food science, shelf-life prediction, and retail product/waste management is working on this case. He therefore lacks the specialized knowledge and expertise required under *Daubert* and *Kumho* that would allow him to offer expert testimony in these areas.

7. Separate from his lack of qualifications, Mr. Lanning's opinions are also improper because his methodology is unreliable. He performed no independent analysis of the state of industry knowledge or product offerings, has no relevant background from which he can draw to perform such an analysis, and thus relies on mere *ipse dixit* and a fundamentally flawed view of patent law to reach his conclusion that the Bohling Application discloses information that was not generally known or readily ascertainable. In particular, Mr. Lanning's only methodological steps were to: (a) assume, contrary to the black-letter patent law, that the named inventors believed that

all aspects of the Bohling Application were novel; (b) adopt that view as his own; and (c) perform a cursory review of documents provided to him by Plaintiffs' counsel.

8. In addition to his opinions regarding the Bohling Application, Mr. Lanning also opines that ' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ' (Omnibus Ex. No. 26 ¶¶ 47-51); that Walmart had ' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ' with fresh waste management and ' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ' in that area before Zest (*id.* ¶¶ 52-61); and recounts the history of the Zest-Walmart relationship by quoting deposition testimony and screenshotting documents and emails (*id.* ¶¶ 83-121). Mr. Lanning's Report then concludes with a short section discussing product profiling and retention sampling, which relate to the alleged use of the Zest Confidential Information in connection with Walmart's Eden/Muse technology, (*id.* ¶¶ 531-51, 558-64), and a discussion of Walmart's allegedly fraudulent conduct (*id.*, ¶¶ 552-57).

9. Each of the foregoing opinions violates Rule 702 of the Federal Rules of Evidence and the standards set forth in *Daubert* and *Kumho*. As noted above, Mr. Lanning lacks the qualifications to opine on any of the above issues, which are outside of his computer science and telecommunications experience. And he performs no independent analysis of any of the issues in the preceding paragraphs. Instead, he merely parrots the litigation positions of Plaintiffs and Plaintiffs' counsel, such that his expert report reads largely as an argumentative brief.

10. This Motion is supported by and for the reasons set forth more fully in the accompanying Brief filed herewith, as well as the following exhibits: the Expert Report of Mark Lanning dated October 29, 2019 (Omnibus Ex. No. 26) and excerpts from the January 10, 2020 deposition transcript of Mark Lanning (Omnibus Ex. No. 10).

3

WHEREFORE, Walmart respectfully requests that the Court enter an Order excluding all proposed expert testimony from Mark Lanning except for the computer-science-related topics in paragraphs 367-389, 395-406, and 527-29 of the Lanning Report.

Dated:  February 28, 2020

P. Anthony Sammi (*Pro Hac Vice*)
Douglas R. Nemec (*Pro Hac Vice*)
Edward L. Tulin (*Pro Hac Vice*)
Rachel R. Blitzer (*Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, New York 10036
Telephone: (212) 735-2419
Facsimile: (917) 777-2419
anthony.sammi@skadden.com
douglas.nemec@skadden.com
edward.tulin@skadden.com
rachel.blitzer@skadden.com

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jtull@qgtlaw.com
cpekron@qgtlaw.com
ryounger@qgtlaw.com

By: /s/ John E. Tull III
John E. Tull III (84150)
Chad W. Pekron (2008144)
R. Ryan Younger (2008209)

*Attorneys for Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February 2020, I served a true and correct copy of the foregoing, *via* electronic mail and U.S. mail, upon the following counsel of record:

Dustin B. McDaniel
Scott Richardson
Bart Calhoun
McDaniel, Richardson & Calhoun PLLC
1020 West 4th Street, Suite 410
Little Rock, Arkansas 72201
dmcdaniel@mrcfirm.com
scott@mrcfirm.com
bcalhoun@mrcfirm.com

Fred I. Williams
Michael Simons
Todd E. Landis
Jonathan L. Hardt
Williams Simons & Landis PLLC
327 Congress Avenue, Suite 490
Austin, Texas 78701
fwilliams@wsltrial.com
msimons@wsltrial.com
tlandis@wsltrial.com
jhardt@wsltrial.com

Ross David Carmel
Carmel, Milazzo & DiChiara LLP
55 West 39th Street, 18th Floor
New York, New York 10018
rcarmel@cmdllp.com

*/s/ Chad W. Pekron*
Chad W. Pekron