IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZEST LABS, INC. F/K/A INTELLEFLEX
CORPORATION AND ECOARK HOLDINGS, INC.                    PLAINTIFFS

v.                          CASE NO. 4:18-CV-00500-JM

WALMART INC. F/K/A WAL-MART STORES, INC.                 DEFENDANT

**DEFENDANT'S MOTION TO EXCLUDE TESTIMONY
OF DAMAGES EXPERT STEPHEN L. BECKER, PH.D.**

# REDACTED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZEST LABS, INC. F/K/A INTELLEFLEX
CORPORATION AND ECOARK HOLDINGS, INC.                    PLAINTIFFS

v.                      CASE NO. 4:18-CV-00500-JM

WALMART INC. F/K/A WAL-MART STORES, INC.                 DEFENDANT

### DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DAMAGES EXPERT STEPHEN L. BECKER, PH.D.

Pursuant to Rule 702 of the Federal Rules of Evidence, and the standards set forth by the U.S. Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart") respectfully moves for an Order excluding trial testimony on the topics discussed herein from damages expert Stephen L. Becker, Ph.D. As grounds for this Motion, Walmart states:

1. Plaintiffs allege that Walmart breached a non-disclosure agreement ("NDA") and violated the Defend Trade Secrets Act and Arkansas Trade Secrets Act by misappropriating trade secrets and other confidential information relating to their Zest Fresh technology that Plaintiffs disclosed to Walmart, and using or disclosing that information in connection with Walmart's Eden/Muse technology. (*See* Dkt. No. 1.)

2. On October 29, 2019, Plaintiffs served an expert report from damages expert Stephen L. Becker, Ph.D. (Omnibus Ex. No. 24). Dr. Becker offers three alternative calculations of damages for the alleged acts of misappropriation: (1) lost profits of $205.2 million; (2) unjust enrichment damages of $993.5 million; or (3) reasonable royalty damages of $917 million.

3. On January 13, 2020, Walmart's counsel deposed Dr. Becker.

4. Last night, on February 27, 2020, Plaintiffs served a supplemental expert report for Dr. Becker (Omnibus Ex. No. 46). In that supplemental report, Dr. Becker updated his damages calculations to account for documentation produced by Walmart on December 18, 2019. In his supplemental report, Dr. Becker offered the following updated damages calculations: (1) lost profits of $270.6 million; (2) unjust enrichment damages of $993.5 million; and (3) reasonable royalty damages of $1.26 billion.

5. Each of the foregoing damages calculations violates Rule 702 of the Federal Rules of Evidence and the standards set forth in *Daubert* and *Kumho*.

6. To calculate lost profits, Dr. Becker takes a December 2016 price quote to Walmart for a ▓▓▓ Zest software and services agreement, and then assumes that in the "but for" world, (a) Walmart would have accepted the terms of this agreement verbatim; (b) Walmart's growers and suppliers would all have agreed to pay Zest a per-pallet fee of $▓▓; (c) that the agreement would have been extended for an additional ▓▓▓ (for a total term of ▓▓▓); and (d) that Zest would make a ▓% profit margin. (Omnibus Ex. No. 24, ¶¶ 86, 90, 95, SLB-1, SLB-9; Omnibus Ex. No. 46, ¶ 6(a), SLB-1 Supplemental.)

7. Dr. Becker's lost profits calculations fails to satisfy the *Daubert* standard for at least four reasons. *First*, it is based on a ▓% profit model that is purely speculative. *Second*, the ▓▓ license term (and ▓▓ extension) is arbitrary, speculative, and at odds with the record evidence. *Third*, it depends on the counterfactual assumption that Walmart was performing pallet-level monitoring as of January 1, 2017, and will continue to do so for the next 10 years; Walmart does not perform pallet-level monitoring of its meat, seafood, and produce pallets, and has no plans to do so. *Finally,* it depends on the speculative and unproven assumption that every Walmart

grower of fresh produce and supplier of fresh meat and seafood would have agreed to a per-pallet fee of $■.

8. To calculate unjust enrichment damages, Dr. Becker (a) compares the fresh food waste that Walmart observed in the fiscal year prior to the launch of the Eden/Muse ecosystem to that observed in the two fiscal years since Eden/Muse was launched; (b) assumes that Walmart's waste savings will grow at ■% for the next two years; and (c) assumes that ■% of all waste reduction at Walmart since February 1, 2017, is attributable to the Eden/Muse ecosystem. (Omnibus Ex. No. 24, ¶¶ 116, 117, SLB-4A, SLB-4B.)

9. Dr. Becker's unjust enrichment calculation fails to satisfy the *Daubert* standard for at least two reasons. *First*, it depends on the unsupported and counterfactual assumption that ■% of all waste reduction at Walmart is attributable to Eden/Muse. Dr. Becker admitted that he has no basis for that assumption, as it was the result of a misreading of a document. *Second*, it depends on the speculative assumption that Walmart's waste reduction will increase at a ■% rate through fiscal year 2022.

10. To calculate reasonable royalty damages, Dr. Becker (a) applies the *Georgia-Pacific* factors to calculate a reasonable royalty of $■ per pallet of all fresh food based on a hypothetical negotiation date of January 1, 2017; (b) assumes that through the publication of a patent application ("the Bohling Application"), Walmart has damaged Plaintiffs' ability to sell Zest Fresh to at least ■ of the addressable market; and (c) makes a '█████████████████████████████████████████' (Omnibus Ex. No. 24, ¶¶ 133-220; 223-229.) The $1.26 billion calculation represents the net present value of a 20-year license fee of $■ for every pallet of meat, seafood, and fresh produce that Walmart may receive over the next 20 years. (Omnibus Ex. No 46, ¶ 6(b), SLB-5 Supplemental.)

3

11. Dr. Becker's "▮ adjustment" fails to satisfy the *Daubert* standard for at least two reasons. *First*, Dr. Becker fails to reliably apportion his royalty rate enhancement to the value of any trade secrets that were allegedly destroyed through the publication of the Bohling Application. *Second*, he conducts no independent market analysis relating to any lost opportunities that Zest may have suffered because of the Bohling Application.

12. This Motion is supported by and for the reasons set forth more fully in the accompanying Brief filed herewith, as well as the following exhibits: the Expert Report of Stephen L. Becker, Ph.D., dated October 29, 2019 (Omnibus Ex. No. 24); the Supplemental Expert Report of Stephen L. Becker, Ph.D., dated February 27, 2020 (Omnibus Ex. No. 46); excerpts from the January 13, 2020 deposition transcript of Stephen L. Becker, Ph.D. (Omnibus Ex. No. 13); Ecoark Holdings, Inc. 10-Q (February 14, 2020) (Omnibus Ex. No. 28); excerpts from the October 18, 2019 deposition transcript of Peter Mehring (October 18, 2019) (Omnibus Ex. No. 11); and Walmart's Sixth Supplemental Responses to Plaintiffs' First Set of Interrogatories (Omnibus Ex. No. 30).

WHEREFORE, Walmart respectfully requests that the Court enter an Order excluding all of the foregoing proposed expert testimony from Stephen L. Becker, Ph.D.

Dated: February 28, 2020

P. Anthony Sammi (*Pro Hac Vice*)
Douglas R. Nemec (*Pro Hac Vice*)
Edward L. Tulin (*Pro Hac Vice*)
Rachel R. Blitzer (*Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, New York 10036
Telephone: (212) 735-2419
Facsimile: (917) 777-2419
anthony.sammi@skadden.com
douglas.nemec@skadden.com
edward.tulin@skadden.com
rachel.blitzer@skadden.com

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jtull@qgtlaw.com
cpekron@qgtlaw.com
ryounger@qgtlaw.com

By: /s/ *signature*
John E. Tull III (84150)
Chad W. Pekron (2008144)
R. Ryan Younger (2008209)

*Attorneys for Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February 2020, I served a true and correct copy of the foregoing, *via* electronic mail and U.S. mail, upon the following counsel of record:

Dustin B. McDaniel
Scott Richardson
Bart Calhoun
McDaniel, Richardson & Calhoun PLLC
1020 West 4th Street, Suite 410
Little Rock, Arkansas 72201
dmcdaniel@mrcfirm.com
scott@mrcfirm.com
bcalhoun@mrcfirm.com

Fred I. Williams
Michael Simons
Todd E. Landis
Jonathan L. Hardt
Williams Simons & Landis PLLC
327 Congress Avenue, Suite 490
Austin, Texas 78701
fwilliams@wsltrial.com
msimons@wsltrial.com
tlandis@wsltrial.com
jhardt@wsltrial.com

Ross David Carmel
Carmel, Milazzo & DiChiara LLP
55 West 39th Street, 18th Floor
New York, New York 10018
rcarmel@cmdllp.com

Chad W. Pekron