**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ZEST LABS, INC. F/K/A INTELLEFLEX
CORPORATION AND ECOARK HOLDINGS, INC.**                    **PLAINTIFFS**

**v.**                    **CASE NO. 4:18-CV-00500-JM**

**WALMART INC. F/K/A WAL-MART STORES, INC.**                    **DEFENDANT**

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY
OF WALMART'S TECHNICAL EXPERT, DR. DAVID DOBKIN, PH.D.**

# REDACTED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

ZEST LABS, INC. F/K/A INTELLEFLEX
CORPORATION AND ECOARK HOLDINGS, INC.                    **PLAINTIFFS**

v.                              **CASE NO. 4:18-CV-00500-JM**

WALMART INC. F/K/A WAL-MART STORES, INC.                 **DEFENDANT**

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF WALMART'S TECHNICAL EXPERT, DR. DAVID DOBKIN, PH.D.

Plaintiffs' challenge to Dr. Dobkin does not even purport to apply the *Daubert* standard. Instead, Plaintiffs seek to exclude a single opinion from Dr. Dobkin—not because the opinion is unreliable or Dr. Dobkin is unqualified to give it, but because Plaintiffs claim that such opinion was not disclosed until his deposition on January 21, 2020, less than two months after his November 27, 2019 expert report. That is incorrect: Dr. Dobkin disclosed the opinion in question—that certain information just amounts to well-known concepts—repeatedly in his expert report. Plaintiffs overstate the Rule 26 notice requirement, insisting without support that Dr. Dobkin had to write the words "generally known" in his report in order to adequately disclose his opinion. But in any event, the law is clear that, whether Dr. Dobkin disclosed the opinion in his expert report or for the first time at his deposition, Plaintiffs are on notice of such opinion and any delay in disclosure is harmless. Plaintiffs present no valid basis to exclude any opinion from Dr. Dobkin.[1]

---

[1]     Section II.A.1. of Plaintiffs' Brief (Dkt. 198) includes paragraphs that are identical to Section II.C.1. of Plaintiffs' Brief in Support of Plaintiffs' Motion to Exclude the Testimony of Walmart's Expert Witness, Dr. Catherine Adams Hutt (Dkt. 200), and Section II.F. of Plaintiffs' Brief in Support of its Motion to Exclude Testimony of Walmart's Damages Expert, Dr. William Choi (Dkt. 203). So as to avoid the potential confusion associated with cross-referencing among briefs, Walmart has repeated overlapping responsive substantive points in its opposition briefs.

## I.     PLAINTIFFS' MOTION TO EXCLUDE IS PREMATURE

Plaintiffs ask the Court to "confine[] [Dr. Dobkin to] testifying at trial about the opinions actually disclosed in his report." (Dkt. 198 (hereafter "Pl. Br.") at 2.) To start, this is not a *Daubert* motion, and should more appropriately be styled as a motion *in limine*, to be filed at a later time. As of now, "there is nothing to indicate that the . . . experts will attempt to testify to matters not disclosed in their reports. About the best that can be provided the defendants is 'a prophylactic ruling that plaintiff is to comply with the established rules of civil procedure.'" *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646, 659 (N.D. Ill. 2006) (citation omitted); *see also More, JC, Inc. v. Nutone Inc.*, No. 05 A-05-CA-3318 LY, 2007 WL 4754173, at *14 (W.D. Tex. Mar. 21, 2007) (finding "exclusion of testimony regarding" particular subject matter was "more appropriately the subject of a motion in limine or of other evidentiary objections for the District Court's consideration at the time of trial"). Plaintiffs' motion should thus be denied as premature.

## II.    DR. DOBKIN'S REBUTTAL REPORT DISCLOSED HIS OPINION THAT CERTAIN INFORMATION IN THE BOHLING APPLICATION WAS GENERALLY KNOWN

Plaintiffs characterize Dr. Dobkin's report as follows: "Dr. Dobkin's report contains **only** his opinions on a comparison of (1) the components found in the Zest system architecture documents with (2) Fig. 2 and its disclosures in the Walmart Application." (Pl. Br. at 4 (emphasis added).) In particular, Plaintiffs seek to establish that "[c]onspicuously absent from the disclosed opinions is any mention of whether any of the components that Dr. Dobkin addresses were generally available or known to the public." (Pl. Br. at 4.) In support of this position, Plaintiffs look for one particular phrase in Dr. Dobkin's report and assert that "the words 'generally known' appear only once in Dr. Dobkin's report." (*Id.*)

2

In reality, Dr. Dobkin's report is significantly more extensive than Plaintiffs contend, as a simple review of his Summary of Opinions reveals.[2] (Pl. Ex. A, ¶ 16.)[3] In fact, Dr. Dobkin opines many times in his report that information included in the Bohling Application is generally and publicly well-known.[4] For instance, Dr. Dobkin discloses right at the beginning of his analysis that he expects to testify about what is "generally known" when it comes to software industry practices, techniques, and methodologies:



(*Id.*, ¶ 19.) He further explains his overarching opinion that the portions of Bohling Application he considered merely disclose "general" concepts:



---

[2]       In fact, Dr. Dobkin pointed this out to Plaintiffs' counsel at his deposition, in response to a similar oversimplification of his opinions. (Omnibus Ex. No. 55 at 75:5-18.)

[3]       Cites to "Pl. Ex. _" refer to Plaintiffs' Exhibits to their Motion to Exclude the Testimony of Walmart's Expert Witness, Dr. David P. Dobkin (Dkt. 198).

[4]       Until this latest set of briefs, all parties and experts had referred to what Zest calls the "Walmart Application" as the Bohling Application. Those two terms are used synonymously herein.

(*Id.*, ¶ 16; *see also id.*, ¶ 95.)  Dr. Dobkin then identifies specific instances of "general" concepts disclosed in the Bohling Application.  (*Id.*, ¶¶ 37, 40, 43, 46, 50, 53, 56, 59, 62, 65, 68, 71, 72, 74.)  For example, Dr. Dobkin states:



(Pl. Ex. A, ¶ 72.)  Given that Dr. Dobkin explicitly states that he intends to testify on what is generally known, and then proceeds to identify several general concepts disclosed in the Bohling Application,  Plaintiffs cannot fairly contend that Dr. Dobkin's report did not put them on notice of his opinions on "whether any of the components that Dr. Dobkin addresses were generally available or known to the public." (Pl. Br. at 4.)

What's more, when pressed at his deposition, Dr. Dobkin was readily able to identify where his opinions were disclosed in his report—including in the very testimony quoted in Plaintiffs' motion, where counsel's response was to chide him for using the word "general" rather than the two-word phrase "generally known."  (Pl. Br. at 5-6 (excerpting portions of Pl. Ex. C at 177:8-179:19).)  An expert does not need to provide an exhaustive verbatim transcript of his opinions in his report; Dr. Dobkin's opinions are thus fully disclosed under the applicable law.  *See Sulfuric Acid Antitrust Litig.*, 235 F.R.D. at 661 (warning against "an attitude that treats words as ends and not as vehicles to convey meaning" and recognizing different wording in an expert report and in an expert deposition as "merely alternative phrasings of his conclusion").  Dr. Dobkin's referenced testimony in its entirety reads as follows:



(Omnibus Ex. No. 55 at 177:8-179:19.)[5]  In addition to the testimony quoted by Plaintiffs in their

brief, Dr. Dobkin also explained on many other occasions in his deposition that his report disclosed

his opinion that various information at issue is generally known in the field:

---

[5]       Plaintiffs imply that it is insufficient for Dr. Dobkin to rely on his experience in forming the opinion that
certain information in generally known in the field of his expertise.  (Pl. Br. at 6 (quoting Pl. Ex. C at 179:12-19).)
However, it is well-established that an expert may rely on his own experience to support expert opinions.  *See, e.g.,*
Fed. R. Evid. 702 Advisory Committee's Notes (2000 Amendments) ("Nothing in this amendment is intended to
suggest that experience alone—or experience in conjunction with other knowledge, skill, training or education—
may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly
contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the
predominant, if not sole, basis for a great deal of reliable expert testimony.").



(*Id.* at 11:10-14; *see also id.* at 11:15-12:10.)



(*Id.* at 74:6-75:4)



(*Id.* at 102:2-11.)



(*Id.* at 131:11-24.) Together, these deposition excerpts clarify that Dr. Dobkin's Report did indeed include his opinion that certain portions of the Bohling Application are generally known.

## III.    PLAINTIFFS ARE ON NOTICE OF ANY OPINION EXPRESSED BY DR. DOBKIN AT DEPOSITION

To the extent that the Court finds that Dr. Dobkin's opinion on the general availability of certain information included in the Bohling Application was not disclosed in his expert report, such omission is harmless under Rule 37 of the Federal Rules of Civil Procedure, because Plaintiffs were put on notice of such opinion at Dr. Dobkin's deposition.

The Eighth Circuit has recognized that even if an expert report does not disclose certain opinions to be offered at trial, those undisclosed opinions are generally admissible if opposing counsel had the opportunity to "fully depose[]" that expert. *See Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1204 (8th Cir. 2015). Multiple courts outside the Eighth Circuit have likewise reached similar conclusions and denied motions *in limine* to exclude expert testimony that was the subject of deposition examination. Where an expert deponent gives the opposing side "sufficient knowledge following [his] deposition that evidence related to these opinions would be elicited" at

trial, the "failure to disclose such information in the expert report [is] harmless." *Rideout v. Nguyen*, No. 4:05CV-00001-JHM, 2008 WL 3850396, at *6 (W.D. Ky. Aug. 15, 2008) (denying a motion to limit expert testimony where "although [the] expert report may not have contained his opinions [on the issue in question], [the expert] discussed his opinions on this issue in his discovery deposition"). Even where "deposition testimony constitute[s] a new opinion in violation of FED. R. CIV. P. 26, . . . failure to disclose the opinion [is] harmless" under Rule 37 where the opposing party has sufficient time to prepare for trial. *Tulsa Zoo Mgmt., Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644-GKF-FHM, 2019 WL 1562043, at *2 (N.D. Okla. Mar. 8, 2019) (denying motion *in limine* to exclude new expert opinions offered during deposition where trial was three months away). At deposition, Dr. Dobkin testified that certain concepts in the Bohling Application were generally known:



(Omnibus Ex. No. 55 at 68:7-13; *see also id.* at 11:10-12:10; 102:2-11; 131:11-24; 177:8-179:19 (all cited above).) Thus, Plaintiffs were unquestionably on notice of such opinion no later than Dr. Dobkin's deposition—just two months after his report was served and months before trial. Indeed, Plaintiffs do not claim that they have been harmed or prejudiced by Dr. Dobkin's testimony.

Moreover, opinions disclosed at deposition are found to be particularly harmless where the opinions were elicited by the opposing counsel's questioning:

> If you decide to take an expert deposition, you must be careful what you ask. You may open the door to testimony that would otherwise be precluded under Rule

37(c)(1). There is, to be specific, considerable downside in asking common deposition questions designed to ensure that no unexplored opinions exit—like the traditional catch-all question, "Do you have any other opinions as to this case that we haven't discussed?" You generally don't want to know the answer to that question. If you don't ask it and the opinions are not provided either in the report, in the deposition, or otherwise "in writing" (under Rule 26(e)(1), the undisclosed opinions are presumptively excluded under Rule 37(c)(1)).

*Sulfuric Acid Antitrust Litig.*, 235 F.R.D. at 660 (quoting Joseph, Gregory P., "Expert Approaches," 28 LITIGATION 20, 21 (Summer 2002)); *see also Lockaby v. JLG Indust., Inc.*, No. 04-60040-CIV-DIMITROULEAS, 2005 WL 8154687, at *4 n.6 (S.D. Fla. Dec. 13, 2005) (noting that it may constitute error not to admit expert testimony that "went beyond the scope of what was disclosed in [the] expert's reports because [opposing counsel] opened the door to these issues during her cross-examination of [that] expert"). As quoted above, Dr. Dobkin testified that the information at issue was generally known <u>directly in response to</u> Plaintiffs' counsel's questions:



(Omnibus Ex. No. 55 at 74:6-75:4.) Preclusion under Rule 37 simply is not warranted where opposing counsel deposed the expert on the opinion in question. *Wheeler v. Chrysler Corp.*, No. 98 C 3875, 2000 WL 263887, at *6 (N.D. Ill. Mar. 1, 2000) (refusing to preclude testimony under Rule 37 where "[Defendant] deposed [the expert] and examined him at length about his opinion" and finding that "[Defendant] was not prejudiced by the lack of disclosure in the Rule 26 report").

## IV.   CONCLUSION

Dr. Dobkin offered his opinion that portions of the Bohling Application disclose only general, well-known concepts twice:  in his expert report and at his deposition in response to Plaintiffs' counsel's questions.  Either one is sufficient to put Plaintiffs on notice of his opinion under Rules 26 and 37.  Accordingly, there is no basis to exclude Dr. Dobkin's opinion and Plaintiffs' motion should be denied in its entirety.

Dated: March 20, 2020

P. Anthony Sammi (*Pro Hac Vice*)
Douglas R. Nemec (*Pro Hac Vice*)
Edward L. Tulin (*Pro Hac Vice*)
Rachel R. Blitzer (*Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-2419
Facsimile: (917) 777-2419
anthony.sammi@skadden.com
douglas.nemec@skadden.com
edward.tulin@skadden.com
rachel.blitzer@skadden.com

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jtull@qgtlaw.com
ryounger@qgtlaw.com

By: _____
    John E. Tull III (84150)
    R. Ryan Younger (2008209)

*Attorneys for Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March 2020, I served a true and correct copy of the foregoing, *via* electronic mail and U.S. mail, upon the following counsel of record:

Dustin B. McDaniel
Scott Richardson
Bart Calhoun
McDaniel, Wolff & Benca, PLLC
1307 West Fourth Street
Little Rock, Arkansas 72201
dmcdaniel@mwbfirm.com
scott@mwbfirm.com
bcalhoun@mwbfirm.com

Fred I. Williams
Michael Simons
Todd E. Landis
Jonathan L. Hardt
Williams Simons & Landis PLLC
327 Congress Avenue, Suite 490
Austin, Texas 78701
fwilliams@wsltrial.com
msimons@wsltrial.com
tlandis@wsltrial.com
jhardt@wsltrial.com

Ross David Carmel
Carmel, Milazzo & DiChiara LLP
55 West 39th Street, 18th Floor
New York, New York 10018
rcarmel@cmdllp.com

R. Ryan Younger