FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 2 8 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ZEST LABS, INC. f/k/a INTELLEFLEX CORPORATION; and ECOARK HOLDINGS, INC. | § § § § | |
| Plaintiffs, | § § | **FILED UNDER SEAL** |
| v. | § § | Civil Action No. 4:18-cv-500-JM |
| WALMART INC. f/k/a WAL-MART STORES, INC. | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

COPY

## PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF WALMART'S EXPERT, DR. CATHERINE ADAMS HUTT

Plaintiffs file this Motion seeking Court intervention to exclude portions of Dr. Catherine Adams Hutt's testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and its progeny. Dr. Hutt is one of Walmart's retained technical experts.

Dr. Hutt's proffered testimony includes statements that are (a) based on an incorrect legal standard and/or misunderstanding of the law regarding misappropriation of trade secrets under the Federal Defend Trade Secrets Act (18 U.S.C. § 1839, et seq.) ("DTSA") and the Arkansas Trade Secrets Act (A.C.A. §4-75-601, et seq.) ("ATSA"); (b) beyond her purported technical expertise; and (c) beyond the permissible scope of this witness's testimony under Rule 702 and *Daubert* and its progeny.

Specifically, Dr. Hutt has ignored the standard and definition of "misappropriation" under the DTSA and ATSA, both of which include "disclosure" as well as "use" as actionable

PUBLIC VERSION

misappropriations of a trade secret. In addition, Dr. Hutt lacks the technical expertise and independent factual basis for testifying about the system architecture technology at issue in this case. Her proffered testimony on these issues would be unreliable, irrelevant, beyond the proper scope of her report and expertise, and confusing or misleading (or at least unhelpful) to the jury.

The motion and accompanying brief establish three grounds for excluding the improper portions of Dr. Hutt's testimony:

1. Dr. Hutt should be excluded from testifying at trial regarding how, where, when, and whether Walmart has misappropriated Zest's trade secrets by disclosure, because the proffered testimony fails to apply the correct definition of "misappropriation" under applicable trade secret law;

2. Dr. Hutt should be excluded from testifying at trial regarding how, where, when, and whether Walmart has used Zest's trade secrets because the proffered testimony fails to apply the correct definition of "use" under applicable law; and

3. Dr. Hutt should be precluded from opining at trial about any aspect of the system architecture of Zest, Walmart, or in the disclosures in the Walmart Application because such testimony would be unqualified, unsupported, and misleading to the jury;

Finally, Dr. Hutt's testimony at trial should be limited to the opinions actually and properly disclosed in her expert report.

Dated: February 28, 2020

Respectfully submitted,

By: */s/* Michael Simons
Fred I. Williams (*pro hac vice*)
Texas State Bar No. 00794855
Michael Simons (*pro hac vice*)
Texas State Bar No. 24008042

Todd E. Landis *(pro hac vice)*
Texas State Bar No. 24030226
Jonathan L. Hardt (*pro hac vice*)
Texas State Bar No. 24039906
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
512.543.1354
fwilliams@wsltrial.com
msimons@wsltrial.com
tlandis@wsltrial.com
jhardt@wsltrial.com

Dustin B. McDaniel, Bar # 99011
Scott Richardson, Bar # 2001208
Bart Calhoun, Bar # 2011221
McDaniel, Richardson, & Calhoun PLLC
1020 West 4th St., Suite 410
Little Rock, AR 72201
501.235.8336
501.588.2104 fax
dmcdaniel@mrcfirm.com
scott@mrcfirm.com
bcalhoun@mrcfirm.com

Ross David Carmel, Esq. *(pro hac vice)*
New York State Bar No. 4686580
CARMEL, MILAZZO & DiCHIARA LLP
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458 telephone
(646) 838-1314 facsimile
rcarmel@cmdllp.com

*Attorneys for Plaintiffs Zest Labs, Inc. f/k/a Intelleflex Corporation, and Ecoark Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, the foregoing document was served on all counsel of record, via electronic mail and the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

 */s/* Michael Simons
Michael Simons
