# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

| | | |
|---|---|---|
| ZEST LABS, INC. f/k/a INTELLEFLEX CORPORATION; and ECOARK HOLDINGS, INC. | § § § | |
| Plaintiffs, | § | Civil Action No. 4:18-cv-500-JM |
| v. | § | |
| WALMART INC. f/k/a WAL-MART STORES, INC. | § § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR AN ORDER REVISING THE DESIGNATION OF CERTAIN WALMART DOCUMENTS TO CONFIDENTIAL <u>PURSUANT TO SECTION 3 OF THE PROTECTIVE ORDER</u>**

Plaintiffs Zest Labs, Inc. and Ecoark Holdings, Inc. (collectively "Zest") move the Court for an order that certain Walmart documents be re-designated as CONFIDENTIAL under the terms of the Protective Order ("Protective Order") as opposed to HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY ("Attorneys Eyes Only").

Walmart has designated tens of thousands of documents in this case Attorneys Eyes Only. The upshot of this over-designation is that the corporate representatives of Plaintiffs will constantly have to cycle in and out of the courtroom during the trial every time a Walmart document is displayed. This problem is particularly acute because many of the emails that Walmart has labeled Attorneys Eyes Only are actually emails where Walmart is sending around information from Zest or discussing Zest. These documents do not meet the requirements for Walmart to mark them Attorneys Eyes Only under the Protective Order.

The solution to the problem is simple. Plaintiffs have identified 299 of those Attorneys Eyes Only documents that may be used at trial.[1] The documents will remain "CONFIDENTIAL" under the Protective Order and they will still be fully protected from public view, but the re-designation will allow the trial to proceed more smoothly and allow the parties to try their cases without constant interruption.

## I.   Argument And Factual Background

### A.   The Protective Order Defines the Attorneys Eyes Only Category Narrowly.

The Court entered its Protective Order in this case on January 25, 2019 ("Protective Order"). *See* Dkt. No. 87. The Protective Order established two levels of protection for documents and information protected by its terms: (1) CONFIDENTIAL (hereafter, "Confidential"); and (2)

---

[1] *See* Exhibit A (spreadsheet identifying disputed documents).

HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY (i.e., "Attorneys Eyes Only").[2] *See* Protective Order at 1-4.  The Protective Order defined Confidential information to mean:

> "all information or material produced for or disclosed in connection with this action to a receiving party by a producing party . . . that comprises confidential technical, sales, marketing, financial, or other commercially sensitive information."

*See id.* at 1-2.

Attorneys Eyes Only information was defined as Confidential information,

> "that constitutes (a) trade secrets and/or other commercially sensitive marketing, financial, sales, research and development, or technical, data or information; (b) trade secrets and/or commercially sensitive competitive information, the disclosure of which is likely to cause harm to the competitive position of the producing party including, without limitation, information obtained from a nonparty pursuant to a Non-Disclosure Agreement ("NDA"); (c) trade secrets and/or commercially sensitive information or data relating to future products not yet commercially released and/or strategic plans; (d) commercial agreements, settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party."

*Id.* at 4.

In other words, the Attorneys Eyes Only designation was reserved for trade secrets or information that was so commercially sensitive that the disclosure of such information would be "likely to cause harm to the competitive position of the producing party." *Id.*

Both designations carefully protect the parties' confidential information by restricting access to a limited set of individuals as set forth in Section I.A.1.5 of the Protective Order.  The only material distinction between the protections for Attorneys Eyes Only and Confidential is that only Confidential materials may be shown to two employees of the receiving party (in this case Zest) who have signed the Protective Order, whereas employees of the receiving party cannot see any Attorneys Eyes Only material.  *See id.* at 3.

---

[2] As a subset of the Attorneys Eyes Only designation, the Protective Order also provided a separate level of protections for source code (i.e., the RESTRICED CONFIDENTIAL—SOURCE CODE designation).  Those provisions are not relevant to the present dispute.

### B. The Protective Order Places The Burden Of Justifying The Attorneys Eyes Only Designation On Walmart.

Section 3.B. of the Protective Order places the burden of justifying the Attorneys Eyes Only designations on Walmart, the party that made the designations. *See id.* at 14. It provides:

> ***The burden of demonstrating the confidential nature of any information shall at all times be and remain on the producing party.***

*Id.* (emphasis added).

### C. Walmart Has Not and Cannot Justify the Attorneys Eyes Only Designations.

Nearly all of the documents in issue are materials produced by Walmart that contain either Zest confidential information or information about Zest's relationship and projects with Walmart.

The documents in issue fall primarily into one or more of the following five categories:

1. Documents Showing Walmart's Dissemination And/Or Use Of Zest Documents And Information;
2. Documents Showing The Status Of The Zest "Tests" And Proofs of Concept At Walmart;
3. Documents Relating To The Evaluation Of Zest's Technology By Deloitte That Walmart Required Zest To Pay For;
4. Walmart's Notes And Summaries Of Its Evaluation And Understanding Of Zest's Technology; and
5. Instances Of Walmart Providing Zest Documents To Third Parties.

There is no plausible reason for why the documents should be considered Walmart's highly confidential information. The burden of justifying the use of the Attorneys Eyes Only designation expressly falls on Walmart under the terms of the Protective Order. Yet to date, Walmart has failed to provide any meaningful justification for the Attorneys Eyes Only designation of these documents and has refused to change the Attorneys Eyes Only designation for each of the documents at issue in this motion.[3]

---

[3] Counsel for Zest first provided written notice of the designation challenges on January 29, 2021. *See* Ex. B, Jan. 29, 2021 Hardt Email to Walmart Counsel. The written notice

D.  **CONCLUSION.**

Of the tens of thousands of documents designated Attorneys Eyes Only, Plaintiffs are only seeking redesignation of 299. Those documents are listed in Exhibit A (spreadsheet identifying disputed documents). The Protective Order is clear—the burden "of demonstrating the confidential nature of any information shall at all times be and remain on the producing party." Protective Order at 14. Because Walmart has not and cannot justify the Attorneys Eyes Only designation, and to avoid hundreds of unnecessary interruptions to the trial, Plaintiffs respectfully asks that these documents be designated Confidential rather than Attorneys Eyes Only.

Dated: February 26, 2021                             Respectfully submitted,

                                                                 By: *Fred I. Williams*
                                                                   Fred I. Williams (*pro hac vice*)
                                                                   Texas State Bar No. 00794855

---

specifically identified approximately 450 documents that Zest contends should be designated only as Confidential. *Id*. The correspondence noted that, "[i]f Walmart maintains that any of these documents should be treated HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY, please provide an explanation why along with any other information Walmart contends satisfies its burden of demonstrating the HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY nature of these documents." *Id*.

Walmart's counsel first responded on February 8, 2021. But instead of endeavoring to justify its designations with any level of particularity, Walmart's response generically parroted the definitions in the Protective Order, stating: "other than a handful of documents, these appear to be internal Walmart documents with commercially sensitive marketing, financial, and technical information, including information about future projects and development. This information is properly marked Attorneys Eyes Only. We will de-designate the handful of documents that do not fit this description." Ex. C, Feb. 8, 2021 Green Email to Hardt.

On February 19, 2021, Walmart responded with the list of documents it was willing to "de-designate" to the Confidential designation. *See* Ex. D, Feb. 19, 2021 Green Email to Hardt. Incredibly, Walmart's response only agreed to de-designate a total of nine documents (several of which were duplicates) out of the 452 originally presented by Zest. Setting aside Walmart's refusal to engage in discussions concerning the remainder of the documents, most of the nine documents Walmart de-designated are Zest documents on their face.

Zest attempted to meet and confer with Walmart on these issues again on February 19, 2021. Walmart's counsel has not engaged in a substantive discussion with Zest and has instead indicated that Zest should move the Court for relief.

Michael Simons (*pro hac vice*)
Texas State Bar No. 24008042
Todd E. Landis *(pro hac vice)*
Texas State Bar No. 24030226
Jonathan L. Hardt (*pro hac vice*)
Texas State Bar No. 24039906
Sarah Tishler (*pro hac vice*)
New York State Bar No. 543525
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
512.543.1354
fwilliams@wsltrial.com
msimons@wsltrial.com
tlandis@wsltrial.com
jhardt@wsltrial.com
stishler@wsltrial.com


Dustin B. McDaniel, Bar # 99011
Scott Richardson, Bar # 2001208
Bart Calhoun, Bar # 2011221
McDaniel, Richardson, & Calhoun PLLC
1020 West 4th St., Suite 410
Little Rock, AR 72201
501.235.8336
501.588.2104 fax
dmcdaniel@mrcfirm.com
scott@mrcfirm.com
bcalhoun@mrcfirm.com

Ross David Carmel, Esq. *(pro hac vice)*
New York State Bar No. 4686580
CARMEL, MILAZZO & DiCHIARA LLP
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458 telephone
(646) 838-1314 facsimile
rcarmel@cmdllp.com


*Attorneys for Plaintiffs Zest Labs, Inc. f/k/a Intelleflex Corporation, and Ecoark Holdings, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 26, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*Fred I. Williams*
Fred I. Williams
