IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZEST LABS, INC. and ECOARK
HOLDINGS, INC.                                                                                      PLAINTIFFS

V.                                          4:18CV00500 JM

WALMART INC.                                                                                        DEFENDANT

## ORDER

At the conclusion of a ten-day trial, the jury found that Walmart willfully and maliciously misappropriated Zest's trade secrets, breached the 2015 Nondisclosure Agreement with Zest Labs, that Denise Sharpe had authority to bind Walmart to the 2015 Nondisclosure Agreement, and that Walmart fraudulently induced Zest Labs to enter into the 2018 Statement of Work.

Shortly after the verdict, the parties began filing post-trial motions. Walmart moved the Court to stay enforcement of the judgment pending appeal and renewed its motion[1] for judgment as a matter of law under Rule 50, or in the alternative remittitur. Plaintiffs filed a motion for attorneys' fees and costs with billing records attached.

After review of the Plaintiffs' billing records, Walmart filed a motion for limited post-trial discovery on the issue of the timing of Plaintiffs' knowledge of the Bohling patent application. Based upon certain billing entries, Walmart contends Plaintiffs knew Walmart filed the non-provisional Bohling patent application before the patent was published by the United States Patent and Trademark Office ("USPTO") and took no action to stop it. Walmart contends that this evidence is contrary to statements made by Plaintiffs in response to motions and at trial. Walmart argues that this new evidence is critical because Plaintiffs had a duty to protect its trade

---

[1] Walmart made a motion for judgment as a matter of law at the conclusion of Plaintiff's case on day 7 of trial.

secrets and did not notify Walmart or the USPTO prior to publication that it believed the Bohling patent application contained Zest's trade secrets. Further, Walmart argues that even if the evidence was not exculpatory, Walmart could have used it to argue for mitigation of damages.

On July 28, 2021, the Court heard arguments from the parties on Walmart's motion to conduct limited post-trial discovery. The motion was granted, and Plaintiffs' attorneys were directed to produce their documents and emails dated February 28, 2019 through May 16, 2019 which contained certain search terms. Plaintiffs provided the documents to the Court in camera. Over the course of several months, the Court reviewed the documents to determine whether they contained relevant information and the Court provided a list of relevant documents to Plaintiffs' counsel. Plaintiffs object to the production of the documents. However, if the Court orders Plaintiffs to produce the documents, Plaintiffs seek to redact its privileged work-product materials before producing the documents to Walmart.[2] Plaintiffs have also requested that the Court certify the issues related to post-trial discovery for interlocutory appeal.

At this point it is undisputed that Walmart provided the Bohling non-provisional patent application to Plaintiffs in a discovery production of 14,649 pages on February 28, 2019. Plaintiffs admit that its counsel found the patent application no later than May 8, 2019. (ECF No. 460 at 4). Eight days later, the USPTO published the Bohling patent. The Court finds that the documents listed in the addendum to this Order are relevant to the issues of the timing of Plaintiffs' knowledge, the number of lawyers involved, and the significance that the lawyers placed on the information. This issue is before the Court due to a declaration filed by Plaintiffs in response to Walmart's motion for summary judgment. Specifically, Plaintiffs' counsel stated on March 27, 2020 that he had not seen Walmart's patent application. The emails produced by

---

[2] The Court has ordered the Clerk to file Plaintiffs' objections and request for certification under seal and ex parte.

Plaintiffs show that they may have been aware of the patent application earlier than May 8, 2019. The Court declines to certify the issue for interlocutory appeal. (ECF No. 461)

The issues currently before the Court in Walmart's renewed motion for judgment as a matter of law are (1) Zest failed to sufficiently identify its purported trade secret; (2) Zest's damages theory lacked any relationship to the claimed misappropriation; (3) the jury's award of exemplary damages was advisory, precluded by contract, and unreasonable; (4) the damages awarded to Zest by the jury on Zest's contract claim are duplicative; (5) there was insufficient evidence that Walmart acted willfully and maliciously; and (6) there was insufficient evidence for the jury to rule against Walmart on Walmart's counterclaim for breach of contract. The Court grants Walmart's motion on issue four. The Court finds that the damages of $5,000,000 awarded to Zest by the jury on Zest's contract claim are duplicative of the damages awarded to Zest on the misappropriation claim. The Court denies the remainder of Walmart's arguments for judgment as a matter of law and remittitur.

Plaintiffs are directed to produce the documents listed on the addendum to this Order no later than June 21, 2022. Walmart's motion for judgment as a matter of law and remittitur (ECF No. 407) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 15th day of June 2022.

_____
James M. Moody Jr.
United States District Judge

Addendum

VE-WSL00012764
VE-WSL00013610
VE-WSL00014461
VE-WSL00016500
VE-WSL00017657
VE-WSL00018503
VE-WSL00011846
VE-WSL00011847
VE-WSL00012027
VE-WSL00012030
VE-WSL00012160
VE-WSL00012377
VE-WSL00012494
VE-WSL00012608
VE-WSL00012765
VE-WSL00012945
VE-WSL00012948
VE-WSL00013078
VE-WSL00013295
VE-WSL00013412
VE-WSL00013526
VE-WSL00013611
VE-WSL00013794
VE-WSL00013924
VE-WSL00014141
VE-WSL00014258
VE-WSL00014372
VE-WSL00014555
VE-WSL00014664
VE-WSL00016501
VE-WSL00016719
VE-WSL00016937
VE-WSL00017658
VE-WSL00017841
VE-WSL00018305
VE0000001(5/8/19 only)
VE0000437
VE0000798
VE0000802
VE0000832
VE0000859
VE0000869

VE0000871
VE0000947
VE0001351(item 59 only)
VE-WSL00012692
VE-WSL00014569
VE-WSL00004729 as redacted
VE-WSL00019198
VE-WSL00019220
VE-WSL00019257
VE-WSL00019259