IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| ZEST LABS, INC. F/K/A<br>INTELLEFLEX CORPORATION<br>AND ECOARK HOLDINGS, INC., | §<br>§<br>§<br>§ | |
| *Plaintiffs,* | §<br>§<br>§ | |
| vs. | § | NO. 4:18-cv-00500-JM |
| WALMART INC. F/K/A WAL-MART<br>STORES, INC., | §<br>§<br>§<br>§ | |
| *Defendant.* | § | |

### RESPONSE TO MOTION TO WITHDRAW MICHAEL SIMONS AS COUNSEL OF RECORD

Walmart does not oppose Zest's Motion to Withdraw Mr. Simons as counsel of record (Dkt. 501), but for the reasons explained below, Walmart requests that the Court order Williams Simons & Landis ("WSL") to explain Mr. Simons' whereabouts and continued affiliation with the firm.

Over the last several months, Walmart has worked diligently to conclude post-trial discovery, including from Zest's document vendor, OpenText (f/k/a Catalyst). OpenText has not produced any of the requested communications regarding the Walmart patent applications, or any other relevant documents or document review history from the relevant time period. OpenText claims it has few communications (none on-point) and that it is unable to produce the documents or review history because they were deleted post-trial at the request of WSL. Specifically, OpenText has explained that WSL, through Mr. Simons, requested on May 27, 2021 that the entire

1

database for the Zest case be copied to a hard drive, that the hard drive be sent to WSL, and then all case data be completely deleted by OpenText.  Some months later, WSL, again through Simons, sent the hard drive back to the vendor and requested that the database be reinstated, but later took it back again.

Walmart counsel recently learned that Mr. Simons left WSL and the country.  Because of the concerning issues above, we attempted to confer with WSL to determine Mr. Simons' whereabouts and connection to the firm, but received only vague, non-answers. The subsequent motion to withdraw is particularly unusual because WSL has twice represented that "Mr. Simons is still affiliated with our firm for some purposes," but has not explained the reason for his withdrawal and claims not to know Mr. Simons' whereabouts stating vaguely "[we] think he may still be on a long trip."

While we do not oppose Mr. Simons' withdrawal, in view of the important issues remaining, we ask the Court to require that WSL explain Mr. Simons' current and expected whereabouts and affiliation with the WSL firm through the issues with WSL's misrepresentation(s) being finally resolved.

DATED: July 28, 2023

By: */s/ John R. Keville*
John R. Keville (*pro hac vice*)
jkeville@sheppardmullin.com
Robert L. Green (*pro hac vice*)
rgreen@sheppardmullin.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
700 Louisiana Street, Suite 2750
Houston, TX 77002-2791
Telephone: (713) 431-7100
Facsimile: (713) 431-7101

John E. Tull III (84150)
R. Ryan Younger (2008209)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jtull@qgtlaw.com
ryounger@qgtlaw.com

***Attorneys for Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2023, the foregoing document was served on all counsel of record, using the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*John R. Keville*
John R. Keville
