# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

ZEST LABS, INC. f/k/a INTELLEFLEX
CORPORATION; and ECOARK
HOLDINGS, INC.,

Plaintiffs,

      v.

WALMART INC. F/K/A
WAL-MART STORES, INC.,

Defendant.

CIVIL ACTION NO. 4:18-CV-500-JM

JURY TRIAL DEMANDED

**DEFENDANT'S MOTION TO UNSEAL DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY, FOR NEW TRIAL AND ACCOMPANYING SANCTIONS, AND FOR ATTORNEY'S FEES, AND ACCOMPANYING BRIEF (DKT NOS. 507, 508)**

## I.     INTRODUCTION

Walmart's Motion to Dismiss, or Alternatively, for New Trial and Accompanying Sanctions, and for Attorney's Fees (Dkt. 507) and the Brief in support (Dkt. 508) (collectively, the "Dismissal Motion") should be unsealed. Dkts. 507, 508. Walmart's Dismissal Motion concerns false statements made by Zest and its counsel during the case, including misrepresentations about their awareness of the Walmart Patent Applications and the steps taken to conceal those misrepresentations. Walmart filed the Dismissal Motion under seal because it quotes material that Zest designated as "Confidential" or "Highly Confidential" under the Protective Order (Dkt. 87), but that material does not warrant such protection. The Protective Order protects the parties' confidential business information and alleged trade secrets. Nothing quoted or referenced in Walmart's Dismissal Motion meets that criteria. Zest asserted privilege over some of the information quoted in the Dismissal Motion, but those objections were waived or overruled by this Court and the Eighth Circuit. The Eighth Circuit presumes the public has a right of access to documents filed in court. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). A party opposing disclosure of judicial records can only overcome this well-established right by showing specific, "compelling reasons" disclosure will result in a "clearly defined and serious injury." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 307 (6th Cir. 2016). Because the information in the Dismissal Motion does not meet the criteria for protection under the Protective Order and is not privileged, Zest has no compelling reasons to overcome the presumed right of public disclosure.

Zest indicated that it opposes unsealing the Dismissal Motion, but would not identify specific sentences that should remain sealed. Walmart therefore requests the Court unseal the Dismissal Motion in its entirety.

## II.    ARGUMENT

In the Eighth Circuit, "[t]here is a common-law right of access to judicial records." *IDT Corp.*, 709 F.3d at 1222 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This presumption in favor of public access may only be overcome "if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018)). Thus, in deciding a motion to unseal, the Court must consider (1) whether the sealed document is a "judicial record" to which a common-law right of access attaches, and if it is, (2) whether the party opposing public access has demonstrated that there are sufficient grounds to override the common-law right of access and justify sealing the document in its entirety. *Scott v. City of Sioux City, Iowa*, 96 F. Supp. 3d 898, 908 (N.D. Iowa 2015) (citing *IDT Corp.*, 709 F.3d at 1222-23). Where case dispositive motions are concerned, the party opposing disclosure faces "a heightened burden to overcome" the presumptive right of public access. *Cardiac Pacemakers, Inc. v. Aspen II Holding Co., Inc.*, No. 04-4048 (DWF/FLN), 2006 WL 3043180, at *4 (D. Minn. Oct. 24, 2006); *see also Garden City Employees' Retirement Syst. Central States Kern v. Psychiatric Solutions, Inc.*, No. 3:09-cv-00882, 2016 WL 5231805, at *4 (M.D. Tenn. Sept. 20, 2016) ("Materials submitted by a party on summary judgment must be disclosed absent the most compelling reasons so as to preclude total foreclosure of public and professional scrutiny.") (citing cases; internal quotation marks omitted).

Walmart's Dismissal Motion is a "judicial record" so the first prong is satisfied. As for the second prong, Zest cannot demonstrate (and has yet to offer) any "compelling reasons" sufficient to override the public's right of access and justify maintaining the secrecy of the Dismissal Motion. *See United States v. Revland*, No. CR02-4025-DEO, 2013 WL 2146902, at *1 (N.D. Iowa May 15, 2013) ("The Eighth Circuit has cautioned that 'only the most compelling reasons can justify non-disclosure of judicial records.'") (quoting *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

Parties cannot justify closure of judicial records merely because they designated documents "confidential" during discovery. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306-07 (6th Cir. 2016) (holding the mere reason the parties' filings contained information and documents that were designated confidential during discovery was "brief, perfunctory, and patently inadequate" to justify keeping them under seal).

The Protective Order in this case states that "Protected Information," including "[d]iscovery materials produced in this case" that are designated as "CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY, and RESTRICTED CONFIDENTIAL—SOURCE CODE." Dkt. 87 at 1. The Protective Order was proposed by the parties at the outset of this lawsuit in an effort to protect the parties' confidential business information during discovery in this case from being publicly disclosed. *See* Dkt. 87. To that end, the Protective Order has very specific definitions of what qualifies as Protected Information.[1] None of the material in Walmart's Dismissal Motion meets these criteria. The designated material in the Dismissal Motion consists mostly time entries and attorney communications regarding the Walmart Patent Applications, communications with Zest's discovery vendor, and post-trial deposition testimony about the same. The few documents that discuss alleged Zest trade secrets are in the context of comparing them to

---

[1]    "Confidential Information" is material "that comprises confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects or documents (including transcripts), and which has been so designated by the producing party at the time it is produced." Dkt. 87 at 2. "Highly Confidential—Outside Counsel Only" material is reserved for information "that constitutes (a) trade secrets and/or other commercially sensitive marketing, financial, sales, research and development, or technical, data or information; (b) trade secrets and/or commercially sensitive competitive information, the disclosure of which is likely to cause harm to the competitive position of the producing party including, without limitation, information obtained from a nonparty pursuant to a Non-Disclosure Agreement ('NDA'); (c) trade secrets and/or commercially sensitive information or data relating to future products not yet commercially released and/or strategic plans; (d) commercial agreements, settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party." *Id.* at 4.

Walmart's Patent Applications and Zest's public disclosures—nothing specific is included and, even if it were, Zest's allegation at trial was that its trade secrets were already made public, so they would no longer constitute confidential information.

For convenience, the below chart lists the various references to documents or transcripts that Zest marked "Confidential" or "Highly Confidential" quoted or referenced in the Dismissal Motion, along with why they do not warrant sealing the Motion:

| Designated Material | No Basis for Sealing |
|---|---|
| Pages 2-3:<br><br>Demonstrative of Zest Time Entries and attorney communications regarding the Walmart Patent Applications | Zest's counsel's time entry narratives are not the type of material contemplated to be "confidential" under the Protective Order. They do not consist of Zest business information. The Court (and the Eighth Circuit) have concluded that this information was discoverable and any privilege was waived. *See* Dkts. 462 & 466, 489; Eighth Circuit's denials of Zest's Writs of Mandamus. |
| Pages 4-6, 8-13:<br><br>Quotes of Zest attorney time entries regarding efforts to find the Walmart Patent Applications and analysis of the same | Same as above. |
| Pages 7-8:<br><br>Reproduction and quotes from communications between Zest and its discovery vendor Catalyst | The material consists of the details of Walmart's Patent Applications, which were circulated to Zest attorneys. Those details and Zest's knowledge are not confidential. *See, e.g.*, Dkt. 462. |
| Page 10:<br><br>Reproduction of Zest chart showing Walmart documents marked that Catalyst or Zest marked "hot" | This does not reveal any confidential business information of Zest. |

| | |
|---|---|
| Pages 10, 13:<br><br>Quoted excerpts of Zest's Responses and Objections to Walmart Interrogatories (Nos. 1-5) | The quoted portions are generic high-level descriptions of the type of material Zest alleged were trade secrets and Zest's allegation that undefined trade secrets were disclosed in the Walmart Patent Applications.<br><br>No specifics of any alleged trade secrets are revealed. The high level generic descriptions are not confidential information. |
| Page 11:<br><br>A quote from the March 6, 2019 discovery hearing. | This is argument from Mr. Simons about Zest's obligation to describe its alleged trade secrets. There is no confidential information quoted. |
| Pages 8-9, 12, 15, 19-20, 23-24, 27, 36-37:<br><br>Quotes or references to Mr. Hardt's post-trial deposition testimony regarding what he did during discovery, his false declaration, and Zest attorney's analysis of the Walmart Patent Applications. | Jonathan Hardt is Zest's former counsel. His deposition was taken as a part of post-trial discovery with the focus on the timing and extent of Zest's knowledge of the Walmart Patent Applications.<br><br>The cited portions do not reveal any Zest business information. They relate to the actions taken by Mr. Hardt, other counsel, and Zest regarding the Walmart Patent Applications. The false statements in the declaration are already public through this Court's Orders. *See, e.g.*, Dkt. 462.<br><br>The Court (and the Eighth Circuit) have concluded that this information was discoverable and any privilege was waived. *See* Dkts. 462 & 466, 489, and the Eighth Circuit's denials of Zest's Writs of Mandamus. |
| Page 14:<br><br>Excerpts from a chart created by former Zest attorney Wendy Wang. | The chart summarizes the disclosures of certain information previously made public by Zest. There is nothing confidential quoted. |
| Pages 15-16, 26:<br><br>Quotes from Zest's summary judgment briefing and Mr. Hardt's declaration, wherein Zest denied pre-publication knowledge of the Walmart Patent Applications. | Zest's false statements are already a matter of public record and would not have been confidential regardless. Dkt. 462. |

| Pages 17-19, 23: | The quoted portions are (false) attorney statements and arguments, not confidential business information. |
|---|---|
| Quotes from briefs Zest filed in opposition to Walmart's requests for post-trial discovery | |

## III.    CONCLUSION

For the foregoing reasons, Walmart's Dismissal Motion should be unsealed.


DATED: October 4, 2023

By: */s/ John R. Keville*
John R. Keville (*pro hac vice*)
jkeville@sheppardmullin.com
Robert L. Green (*pro hac vice*)
rgreen@sheppardmullin.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
700 Louisiana Street, Suite 2750
Houston, TX 77002-2791
Telephone: (713) 431-7100
Facsimile: (713) 431-7101

John E. Tull III (84150)
R. Ryan Younger (2008209)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jtull@qgtlaw.com
ryounger@qgtlaw.com


*Attorneys for Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc.*

## <u>CERTIFICATE OF CONFERENCE</u>

Undersigned counsel emailed Zest's counsel on Tuesday, September 26, 2023, stating Walmart's intent to file this motion and asking whether Zest opposed and, if so, to identify specific sentences in the Dismissal Motion that Zest believes should be redacted. Zest's counsel responded on October 2, 2023 that Zest opposes this motion but did not identify any specific sentences that it believed warranted redaction. Undersigned counsel followed up that day and again on October 4, 2023, requesting Zest to identify what portions of the Dismissal Motion it believed should be redacted so they could be addressed in this motion. Zest never responded, so Walmart is filing this opposed motion per the last communication with Zest's counsel.

/s/ Robert L. Green
Robert L. Green

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 4th day of October 2023, I served a true and correct copy of the foregoing document, via electronic mail, upon the following counsel of record:

Dustin B. McDaniel
Scott Richardson
Bart Calhoun
McDaniel, Wolff & Benca PLLC
1307 West Fourth Street
Little Rock, Arkansas 72201
dmcdaniel@mwbfirm.com
scott@mwbfirm.com
bcalhoun@mwbfirm.com

Fred I. Williams
Michael Simons
Williams Simons & Landis PLLC
327 Congress Avenue, Suite 490
Austin, Texas 78701
fwilliams@wsltrial.com
msimons@wsltrial.com
ZestWSLService@wsltrial.com

Todd E. Landis
Texas State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
512.543.1357
tlandis@wsltrial.com

Ross David Carmel
Carmel, Milazzo & DiChiara LLP
55 West 39th Street, 18th Floor
New York, New York 10018
rcarmel@cmdllp.com

_/s/ John R. Keville_____
John R. Keville