### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ZEST LABS, INC., et al**  PLAINTIFFS

V.  4:18CV00500 JM

**WALMART INC.**  DEFENDANT

### ORDER

Pending are Walmart's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, for Remittitur or a New Trial (ECF No. 407); Walmart's Motion to Dismiss, or Alternatively, for a New Trial and Accompanying Sanctions, and for Attorney's Fees (ECF No. 507); and Walmart's Motion to Unseal the Motion to Dismiss, or alternatively, for a New Trial and Accompanying Sanctions, and for Attorney's Fees and the Accompanying Brief (ECF No. 511).

Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment, upon a timely motion. *See* Fed. R. Civ. P. 59(e). A district court has broad discretion in determining whether to grant or deny a motion to alter or amend under Rule 59(e*). See U.S. v. Metro. St. Louis Sewer Dist*., 440 F.3d 930, 933 (8th Cir. 2006). Such motions are intended to correct manifest errors of law or fact, or to present newly discovered evidence. *See id.* The standard for Rule 59(e) and Rule 60(b)(2) motions, which seek relief from a final judgment or an order due to newly discovered evidence, are the same. *See id.*

To prevail, the movant must show: (1) the evidence was discovered after the proceeding; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that it would likely produce a

different result. *See U.S. Xpress Enter., Inc. v. J.B. Hunt Transp., Inc.,* 320 F.3d 809, 815 (8th Cir. 2003).

As stated previously, Zest's failure to disclose that it had notice of Walmart's patent application before it was published is evidence that Walmart could not have discovered prior to trial. Walmart exercised due diligence to discover the evidence. However, the evidence was not made available to Walmart until Zest filed its motion for attorneys' fees on April 27, 2021. Regardless of the motive or lack thereof, the Court finds that Zest's failure to disclose that it had notice of Walmart's patent application before it was published was material and not merely cumulative or impeaching. After reviewing the post-trial discovery and having presided over the trial, the Court finds that this evidence would probably produce a different result at trial. After review of the pending motions, the thorough briefing of the issues, and the law, the Court finds that Walmart's motion for new trial pursuant to Rule 59 and Rule 60(b)(2) should be granted.

Walmart's motion for sanctions and attorneys' fees is taken under advisement. Walmart's motion to dismiss is taken under advisement. The parties are ordered to mediation within ninety (90) days before a private mediator or United States Magistrate Judge Patricia S. Harris.

Walmart's motion to unseal the Motion to Dismiss, or Alternatively for New Trial, and the Accompanying Brief is granted. The motion and brief do not include privileged material and there is no compelling reason to override the public's right to access the documents.

In conclusion, Walmart's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, for Remittitur or a New Trial (ECF No. 407) and Walmart's Motion to Dismiss, or Alternatively, for a New Trial and Accompanying Sanctions, and for Attorney's Fees (ECF No. 507) are GRANTED in part and DENIED in part. The Motion to Unseal (ECF No. 511) is GRANTED. The Clerk is directed to unseal ECF Nos. 507 and 508.

IT IS SO ORDERED this 22nd day of December 2023.

                                                   _____
                                                   UNITED STATES DISTRICT JUDGE

3