IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZEST LABS, INC. f/k/a INTELLEFLEX
CORPORATION and ECOARK
HOLDINGS, INC.,

    Plaintiffs,

v.                                            No. 4:18-cv-500-JM

WALMART INC. f/k/a
WAL-MART STORES INC.,

    Defendant.
_____/

**BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLARIFICATION OF
THE COURT'S JULY 9, 2024 ORDER**

Plaintiffs Zest Labs, Inc. and Ecoark Holdings, Inc. (collectively, "Zest") respectfully accepts the Court's invitation to request clarification of the Court's July 9, 2024 Order (ECF No. 563). Zest seeks clarification of this Order in advance of the hearing regarding Defendant Walmart Inc.'s ("Walmart") requested sanctions, so that Zest may supplement the record with materials concerning the factual and legal basis for the potential sanctions against Zest as a party, consistent with the Court's Order.

## I.    INTRODUCTION AND SUMMARY

On April 30, 2024, the Court orally denied Walmart's request for dismissal of Zest's complaint as a sanction in light of the Court's December 22, 2023 Order granting Walmart's request for a new trial (*see* ECF No. 530) and took Walmart's alternative requests regarding sanctions against Zest and their former trial counsel under submission. *See* 4/30/24 Hrg. Tr. (ECF No. 552) at 7:17-18 ("I'm not going to dismiss the case as a sanction. … I don't think that dismissal of the

case would be an appropriate sanction based on what I know."). On July 9, 2024, the Court issued an Order notifying Zest that the Court is considering sanctions against them and their former counsel, in the form of attorneys' fees up to $2,870,465.01, in light of the Eighth Circuit's recently issued decision *In re Sanford Law Firm*, ___ F.4th ___, 2024 WL 3217609 (8th Cir. 2024). The Court invited Zest to file a motion with the Court should it require clarification of the specific conduct or potential sanctions involved. *See* ECF No. 563 n.1. Zest now brings that Motion for Clarification, seeking the following:

First, Zest seeks to confirm that, as discussed on the record at the April 30, 2024 hearing, the conduct upon which the Court is potentially basing sanctions is limited to former Zest counsel Jonathan Hardt's Declaration filed in support of Zest's Motion for Partial Summary Judgment (the "Hardt Declaration"). ECF No. 247.

Second, Zest requests that the Court identify its orders and decisions made on the record in the previous trial which were impacted by the Hardt Declaration. In tandem, Zest further requests that the Court identify the Federal Rule of Civil Procedure, statute, or other authority upon which it is basing prospective sanctions.

Finally, Zest respectfully requests that, prior to the consideration of imposition of any sanctions, the Court order Walmart to substantiate its claimed legal fees with billing entries. Walmart demanded that Zest do so, and Zest honored that request pursuant to Court order. ECF Nos. 400, 401, 424.

## II.  BACKGROUND

Zest filed this action against Walmart for misappropriation of trade secrets on August 1, 2018. ECF No. 1. The case was tried in March and April 2021, and the jury returned its verdict on

2
3146.000/2050980.1

April 13, 2021, awarding $60 million in compensatory damages to Zest for Walmart's misappropriation of Zest's trade secrets and another $50 million in exemplary damages. ECF No. 368. This Court entered judgment on the jury verdict that same day. ECF No. 376.

Post-trial motions and proceedings followed. On December 22, 2023, this Court ordered a new trial in light of that evidence and took Walmart's accompanying motion for sanctions under advisement. ECF No. 530. Zest in the interim obtained new lead counsel, the same listed in this motion, who will represent them at the new trial.

At the April 30, 2024, show cause hearing on Walmart's motion for sanctions, the Court indicated that the Hardt Declaration was central to its decision to order a new trial and its continued consideration of whether to impose sanctions. *See* ECF No. 552 at 59:21-22 ("The whole case was affected by the declaration that I took as gospel."), 43:24-44:2 ("The question is, what did Mr. Hardt do before he swore to me that they hadn't found [the provisional patent]. That's the question that I'm dealing with as to whether or not to impose sanctions.") Following testimony from former counsel, including Mr. Hardt, the Court denied Walmart's request for dismissal as a sanction and took Walmart's alternative requests for sanctions under advisement. ECF No. 522 at 7:17-18, 145:25-146:1.

On July 9, 2024, the Court issued an Order in which it provided notice to Zest as to potential sanctions against them in light of "their misrepresentation to the Court regarding their knowledge of the Walmart Patent Application and the timing of their knowledge," consistent with *In re Sanford Law Firm*, 2024 WL 3217609 (8th Cir. 2024). ECF No. 563. As suggested by the Court, Zest now moves for clarification as to the specific authority upon which it bases its potential sanctions.

### III. PLAINTIFFS' REQUEST FOR CLARIFICATION

Zest respectfully requests that the Court confirm the factual basis upon which potential

sanctions rest, as well as the rule, standard, or doctrine the Court intends to issue sanctions based on. *In re Sanford Law Firm*, 2024 WL 3217609 (8th Cir. 2024) ("proper notice" requires reference to "a specific pleading detailing the objectionable conduct" and "clear notice as to the form of sanctions [the court] was considering.") Zest also requests that the Court order Walmart to provide the billing entries underlying its requested attorneys' fees in order to assess which fees, if any, relate to the factual basis for the sanctions.

A. **Zest Requests the Court Confirm the Hardt Declaration Is the Factual Basis for the Sanctions**

The Court indicated at the last hearing that it is solely relying on the Hardt Declaration, and its consequences, in weighing potential sanctions. The Court emphasized the Hardt Declaration as the basis for its ordering a new trial. ECF No. 522 59:17-18 ("The moment of prejudice was when I relied on the declaration.") The Court further emphasized the Hardt Declaration as its central concern in deciding whether to impose sanctions. *Id.* at 43:24-44:2 ("The question is, what did Mr. Hardt do before he swore to me that they hadn't found it. That's the question that I'm dealing with as to whether or not to impose sanctions.") Zest requests that the Court clarify in its order that the misrepresentation to which it refers is the Hardt Declaration. If there are other alleged misrepresentations at issue, Zest requests notice of the specific statements that the Court believes may be sanctionable.

Zest also requests that the Court identify the orders or decisions which were adversely impacted by the Hardt Declaration.

B. **Zest Requests the Court Clarify the Legal Standard Applicable to the Sanctions.**

The order is silent as to the statute, rule, or doctrine under which the Court intends to issue sanctions. Therefore, Zest requests the Court clarify what type of sanctions are being considered, so that the facts can be presented in accordance with the correct legal standards, particularly for

assessment of whether sanctions against Zest the party are appropriate.

      **C.    Zest Requests the Court Order Walmart to Provide Billing Entries Supporting Its Fee Request.**

Walmart previously requested, and the Court ordered, that Zest provide billing entries supporting its legal fees. Zest requests that Walmart be ordered to similarly substantiate its attorneys' fees, so that Zest may assess what fees flowed from the misconduct which forms the basis for the sanctions award.

**CONCLUSION**

The Court has allowed the parties to supplement the record in advance of the continued hearing on Walmart's motion for sanctions. Zest requests that the Court confirm that the filing of the Hardt Declaration is the factual predicate for the consideration of sanctions or identify any other statements that the Court believes may be sanctionable. Zest also requests that the Court identify the orders or decisions which were impacted by the Hardt Declaration. Zest further requests that the Court identify the statute, rule, or doctrine that the Court is considering issuing sanctions under. These three clarifications are necessary to enable Zest to present its position regarding the potential imposition of sanctions on Zest as a party.

    Respectfully submitted,

    Patrick Ryan*
    Sean R. McTigue*
    BARTKO LLP
    One Embarcadero, Suite 800
    San Francisco, CA 94111
    (415) 956-1900
    pryan@bartkolaw.com
    smctigue@bartkolaw.com
    *Admitted *pro hac vice*

Dated: July __, 2024

Scott P. Richardson
MCDANIEL WOLFF, PLLC
1307 West Fourth Street
Little Rock, AR 72201
(501) 954-8000
scott@mcdanielwolff.com

H. Christopher Bartolomucci*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
*Admitted *pro hac vice*