IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZEST LABS, INC. f/k/a INTELLEFLEX
CORPORATION; ZEST LABS HOLDINGS
LLC; and RISKON INTERNATIONAL,
INC.,

        Plaintiffs,

v.

WALMART INC. f/k/a WAL-MART
STORES, INC.,

        Defendant.

No. 4:18-CV-500-JM

## PLAINTIFFS' MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY OF LOUIS RILEY, ESQ.

Plaintiffs file this Motion asking the Court to exclude portions of Mr. Louis Riley's testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny. Mr. Riley is Walmart's expert on reasonable efforts to protect trade secrets. Mr. Riley attempts to offer opinions that go beyond the scope of his expertise, his expert report, and the Court-ordered scope of this phase of expert discovery in advance of the retrial. Zest seeks to exclude four objectionable portions of Mr. Riley's proposed testimony.

<u>First</u>, Mr. Riley should not be allowed to offer expert opinions about whether the information in the Zest Fresh System was already publicly known. Such technical opinions go beyond the scope of Mr. Riley's expertise. They also exceed the scope of this supplemental expert discovery, which was supposed to be targeted to Walmart's new defense about Zest's efforts to stop publication of the Bohling patent application. Walmart cannot use this supplemental expert

1

discovery on that narrow issue as an opportunity to redo its technical expert reports on the novelty of Zest's trade secrets.

Second, Mr. Riley should not be allowed to testify about when Zest's former counsel became aware of the Bohling patent application. Any opinion on this issue would be both speculative and unnecessary. It would be speculative because Mr. Riley could have no special expertise in understanding what Zest's counsel knew. And it is unnecessary because Zest has offered to Walmart to stipulate to its knowledge of the Bohling Application by April 3, 2019, avoiding any need for expert analysis of Zest's former counsel's billing records to the jury.

Third, Mr. Riley opines about the substance of the NDA between Walmart and Zest. The interpretation of the NDA is a pure legal question, and the Court has already barred testimony about "[t]he substance of the NDAs" between the parties. Dkt. 641, ¶ 5. Mr. Riley's opinions fall squarely within this prohibition.

Fourth, Mr. Riley opines in his deposition—although not in his expert report—that Zest acted in bad faith by failing to stop publication of the patent, and he speculates that Zest did so in order to manufacture a claim of misappropriation in this litigation. Those opinions are pure speculation about Zest's motivation, and they should not be permitted—even had they been properly disclosed in Mr. Riley's expert report, which they were not.

Dated: March 7, 2025

Respectfully submitted

/s/ Patrick M. Ryan
Patrick M. Ryan*
Sean R. McTigue*
Kenneth L. Richard*
Natalie A. Felsen*
Bartko Pavia LLP
1100 Sansome Street
San Francisco, CA 94111

(415) 956-1900
pryan@bartkopavia.com
*Admitted pro hac vice

Adam D. Mitzner*
Andrew C. Ryan*
Gianna C. Signorille*
Bartko Pavia LLP
555 Madison Avenue, 11th Floor
New York, NY 10022
(212) 980-3500
*Admitted pro hac vice

Scott P. Richardson
McDaniel Wolff, PLLC
1307 West Fourth Street
Little Rock, AR 72201
(501) 954-8000
scott@mcdanielwolff.com

H. Christopher Bartolomucci*
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
*Admitted pro hac vice

Kate M. Falkenstien*
Blue Peak Law Group, LLP
3790 El Camino Real, PMB 846
Palo Alto, CA 94306-3314
(281) 972-3036
kate@bluepeak.law
*Admitted pro hac vice

Attorneys for Plaintiffs ZEST LABS, INC.,
ZEST LABS HOLDINGS LLC, and RISKON
INTERNATIONAL, INC.