# EXHIBIT C

```
 1              IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF ARKANSAS
 2                      CENTRAL DIVISION

 3    ZEST LABS, INC. and
      ECOARK HOLDINGS, INC.,
 4

 5                      Plaintiffs,

 6      v.                              No. 4:18CV00500 JM

 7                                      November 14, 2024
                                        Little Rock, Arkansas
 8                                      9:56 AM
      WALMART, INC.,
 9                      Defendant.

10              TRANSCRIPT OF MOTION HEARING
         BEFORE THE HONORABLE JAMES M. MOODY, JR.,
11              UNITED STATES DISTRICT JUDGE
                _____

12    APPEARANCES:

13    On Behalf of the Plaintiffs:

14        MR. PATRICK RYAN, Attorney at Law
          MR. SEAN R. MCTIGUE, Attorney at Law
15          Bartko LLP
            One Embarcadero, Suite 800
16          San Francisco, California  94111

17        MR. FRED WILLIAMS, Attorney at Law
          MR. MICHAEL SIMONS, Attorney at Law
18          Williams, Simons & Landis, PLLC
            601 Congress Avenue, Suite 600
19          Austin, Texas  78701

20        MR. SCOTT P. RICHARDSON, Attorney at Law
            McDaniel Wolff, PLLC
21          1307 West Fourth Street
            Little Rock, Arkansas  72201

22

23                          (Appearances continuing)

24        Proceedings reported by machine stenography and displayed
      in realtime; transcript prepared utilizing computer-aided
25    transcription.
```

```
 1

 2    APPEARANCES CONTINUED:

 3    On Behalf of the Defendant:

 4        MR. JOHN RICHARD KEVILLE, Attorney at Law
          MR. ROBERT L. GREEN, Attorney at Law
 5          Winston & Strawn LLP
            800 Capitol Street, Suite 2400
 6          Houston, Texas  77002

 7

 8        MR. JOHN E. TULL, III, Attorney at Law
          MR. R. RYAN YOUNGER, Attorney at Law
 9          Quattlebaum, Grooms & Tull PLLC
            111 Center Street, Suite 1900
10          Little Rock, Arkansas  72201

11

12

13    On Behalf of Williams, Simons & Landis, PLLC

14        MS. ZANDRA E. FOLEY, Attorney at Law
          MR. STEVEN AUGUSTINE, Attorney at Law
15          Thompson Coe
            4400 Post Oak Parkway
16          Houston, Texas  77027

17

18

19

20

21

22

23

24

25
```

1   tried this case, we did everything we possibly could to try it
2   in the best way that we could and to do things in the most
3   honest and forthright way that we could.  Obviously a mistake
4   was made.  But, you know, I'm here.  Happy to answer any
5   questions that the Court has.  But, obviously, I want to echo
6   the fact that nobody wanted to be here.  I think we did
7   everything we could to try the case in the best, most honest
8   and direct way we could.  Happy to answer any questions if the
9   Court has any.

10         THE COURT:  I don't.  Anybody else that didn't get
11   to say their piece wants to say it that was excluded previously
12   or otherwise?

13         The motion for summary judgment -- so let me continue a
14   thought on a theme.  This has to do with the motion for summary
15   judgment but also the -- I'm not sure if it was a motion, but
16   it was a motion to clarify the scope of issues for trial.  And
17   so I think these go hand in hand.

18         If I get this right, Walmart moved for summary judgment
19   on both the trade secret claim and the breach of contract which
20   had to do with the nondisclosure agreement.  We are here
21   retrying this case because of a misrepresentation that was made
22   to the Court about the Bohling patent.  And so this isn't a
23   chance to augment, redo, or try new issues in a new trial.

24         I set aside the marginal -- it's hard to say that that
25   many million dollars is marginal -- but the marginal recovery

 1   on the contract claim because, in my opinion, there wasn't any

 2   separate damage testimony, and Mr. Simons concurred that there

 3   wasn't anything different about the trade secret damages that

 4   the jury could have awarded as a separate claim.

 5        I'm going to grant summary judgment on the contract claim

 6   because they had a chance, meaning Zest had a chance to prove

 7   that and failed to do it.  And so we're not going to retry that

 8   claim.  I'm denying Walmart's request on motion for summary

 9   judgment on the trade secret claim.  We are essentially going

10   to retry the same case with nothing more than the additional

11   defense that Zest may, could have stopped the publication of

12   the patent, and that's the only thing that's going to be

13   different about the case.

14        So I'm trying to rule on the motion for summary judgment.

15   I think the argument that Walmart made about they could have

16   done something, and that's all questions of fact.  So whether

17   or not they adequately protected their patent, whether or not

18   they could have stopped the Bohling application is all a

19   question of fact.  Me saying that I could have stopped it

20   doesn't make it a fact.

21        So I don't know that I'm able to rule as a matter of law

22   that something could have or should have been done on the time

23   frame that they had under the circumstances they had.  So that

24   part is going to be retried.  But we're not going to bring in

25   new patents.  We're not going to bring in the -- is it

1    was no reason to --

2              THE COURT:  That's a layup.  We'll get to

3    resubstitute somebody that can talk about stopping a patent and

4    all of that.  Agreed.  I hadn't gotten to those yet, but that

5    one -- that one makes sense to me.  And I don't know how you

6    try that issue.  I haven't gotten to the discovery on how we're

7    going to do this add-on yet.  What I was talking about is the

8    issues at trial, not yet how are we going to get ready for

9    those.

10             MR. RYAN:  Okay.  Okay.  I jumped the gun.

11             THE COURT:  No.  And you're there, so keep going.

12   We talked about a substitute expert for the patent expert that

13   died.

14             MR. RYAN:  Yes.

15             THE COURT:  I'm going to allow y'all to find a new

16   one and we'll take depositions on that, and that I get it.

17             MR. RYAN:  Okay.

18             THE COURT:  And is needed.  And I don't know how you

19   would do anything but sit there and watch without it.

20             MR. RYAN:  So I think we should have some discovery

21   on this issue that didn't get tried the first instance.  We

22   should have expert reports on that issue, have expert

23   depositions, if you agree that makes sense.  Because it didn't

24   get tried the first time.

25             THE COURT:  Right.  And it's just the scope of that

1  discovery that I'll have to address.  And I'm at the point that
2  I think there should be discovery on the stopping of the
3  patent.  I'll just paraphrase it that way.  And y'all can talk
4  about what that would look like.  And if y'all can't agree,
5  then I'll go from there.

6          MR. RYAN:  Yeah, I think -- I mean, I think it's two
7  issues.  It's whether it would have been reasonable to try and
8  stop it under the circumstances.  I think that's the test.  And
9  whether they would have been able to.  I think those are the
10 two issues.

11         THE COURT:  I agree.  And the scope I'm talking
12 about is to what extent you go to depose people and do
13 interrogatories to find the answer to those questions.  My
14 scope has to do with how much work's going to be put into that
15 as opposed to the two issues you addressed.  I think those are
16 clear.  The scope of what we're going to ask questions about,
17 you and I are on the same page.  And I don't know that there's
18 a dispute about what that -- how to do that would look like.
19 And until I do, I'm just saying I'm with you.  Y'all figure it
20 out.  And if you need my help, let me know.

21         MR. RYAN:  Okay.  All right.  And where is Your
22 Honor on the trial date?

23         THE COURT:  The better question is where are y'all
24 on the trial date in light of these rulings.  I will tell you
25 that I was not optimistic that you could hold a trial date.  I

```
 1   just a general --
 2              MR. RYAN:  We provided a detailed letter of what we
 3   think should be supplemented, Your Honor.
 4              THE COURT:  Okay.  And you've got yours ready too?
 5   I know you're going to provide it one way or another, but I'm
 6   trying to get a scope of what we're talking about filing.
 7              MR. RYAN:  It's not filing.  We're just going to
 8   supplement our discovery.
 9              THE COURT:  Well, gathering.
10              MR. RYAN:  Yeah.  I don't have it in my head.  I'm
11   sorry.
12              THE COURT:  That's all right.  Scott, why are you
13   here?  Because I wouldn't let you go?
14              MR. RICHARDSON:  I'm here to help Mr. Ryan.
15              THE COURT:  I'm just here to help.  I'm from the
16   government, I'm here to help.
17              MR. RICHARDSON:  We have worked closely on it.
18              THE COURT:  All right.  Last call.  Court's in
19   recess.
20          (Proceedings adjourned at 12:54 PM.)
21                    REPORTER'S CERTIFICATE
22      I certify that the foregoing is a correct transcript of
23   proceedings in the above-entitled matter.
24   /s/ Karen Dellinger, RDR, CRR, CCR
     ----------------------------------    Date: November 19, 2024
25   United States Court Reporter
```