IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZEST LABS, INC. f/k/a INTELLEFLEX
CORPORATION; ZEST LABS HOLDINGS
LLC; and RISKON INTERNATIONAL,
INC.,

        Plaintiffs,

v.                                 No. 4:18-CV-500-JM

WALMART INC. f/k/a WAL-MART
STORES, INC.,

        Defendant.
_____/

**PLAINTIFFS' MOTION
TO EXCLUDE PROPOSED EXPERT TESTIMONY OF KATHI VIDAL, ESQ.**

      Plaintiffs (collectively, "Zest") file this Motion asking the Court to exclude portions of Ms. Kathi Vidal's testimony under Federal Rules of Evidence 403 and 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny. Ms. Vidal is one of two experts Walmart has retained to testify on the procedures and practices of the United States Patent and Trademark Office ("USPTO"). Ms. Vidal attempts to offer opinions that are cumulative, speculative, and improperly exceed the Court-ordered scope of this phase of expert discovery in advance of the retrial. Zest seeks to exclude four objectionable portions of Ms. Vidal's proposed testimony.

      First, Ms. Vidal should be barred from offering opinions that overlap with those of Mr. Robert Bahr, Walmart's other expert on USPTO practices and procedures. Substantial portions of Ms. Vidal's report are explored in more detail by Mr. Bahr in his report, and Walmart need only proffer one expert on this subject. And, to the extent that Ms. Vidal offers opinions on reasonable efforts to protect trade secrets, Walmart has already retained Mr. Louis Riley as an expert on that

1

subject. Any such testimony from Ms. Vidal would be cumulative on those distinct grounds. Zest respectfully requests that this Court exclude Ms. Vidal's opinions, which are ostensibly limited to the viewpoint of the Director of the USPTO, as unnecessary and wholly cumulative.

Second, Ms. Vidal's opinions as to reasonable measures that Zest could have taken to prompt the USPTO Director to prevent the publication of the Bohling Application or its analogous PCT Application should be excluded as speculative. Ms. Vidal developed her opinions without consulting the USPTO Director who held the office at the time that the Bohling Application was pending publication, even though she admitted in deposition that she knows him personally and could have consulted him in forming her opinions. Ms. Vidal's opinions on this point are merely hypothetical and should be excluded.

Third, Ms. Vidal analogizes to legal authorities that grant the USPTO Director the power to prevent publication of patents that threaten national security. But the Bohling Application obviously has nothing to do with national security, and the Court should not permit Ms. Vidal to speculate on the Director's power outside that context.

Fourth, Ms. Vidal also analogizes to *Centrifugal Acquisition Corp., Inc. v. Moon*¸ 2012 WL 718999 (E.D. Wis. 2012) in offering her opinions. The Court has explicitly prohibited discussion of *Centrifugal* in the context of this case. Dkt. 641 ¶ 6. Ms. Vidal's attempt to circumvent that order should not succeed. Her speculative analogy to *Centrifugal* should be excluded.

Dated: March 7, 2025                    Respectfully submitted

                                        _____
                                        Patrick M. Ryan*
                                        Sean R. McTigue*
                                        Kenneth L. Richard*
                                        Natalie A. Felsen*

Bartko Pavia LLP
1100 Sansome Street
San Francisco, CA 94111
(415) 956-1900
pryan@bartkopavia.com
*Admitted pro hac vice

Adam D. Mitzner*
Andrew C. Ryan*
Gianna C. Signorille*
Bartko Pavia LLP
555 Madison Avenue, 11th Floor
New York, NY 10022
(212) 980-3500
*Admitted pro hac vice

Scott P. Richardson
McDaniel Wolff, PLLC
1307 West Fourth Street
Little Rock, AR 72201
(501) 954-8000
scott@mcdanielwolff.com

H. Christopher Bartolomucci*
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
*Admitted pro hac vice

Kate M. Falkenstien*
Blue Peak Law Group, LLP
3790 El Camino Real, PMB 846
Palo Alto, CA 94306-3314
(281) 972-3036
kate@bluepeak.law
*Admitted pro hac vice

Attorneys for Plaintiffs ZEST LABS, INC., ZEST LABS HOLDINGS LLC, and RISKON INTERNATIONAL, INC.

3146.001/3008743.1