IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZEST LABS, INC. f/k/a INTELLEFLEX
CORPORATION; ZEST LABS HOLDINGS
LLC; and RISKON INTERNATIONAL,
INC.,

                 Plaintiffs,

v.                                   No. 4:18-CV-500-JM

WALMART INC. f/k/a WAL-MART
STORES, INC.,

                 Defendant.          /

**MOTION *IN LIMINE* NO. 7 TO ALLOW PREVIOUSLY ADMITTED EVIDENCE TO BE USED IN OPENING STATEMENTS**

Plaintiffs Zest Labs, Inc., Zest Labs Holdings LLC, and Riskon International, Inc. (collectively, "Zest") hereby respectfully move the Court to allow the parties to use exhibits and deposition video used at the first trial in this case during opening statements in the retrial.

Before the first trial in this case, defendant Walmart Inc. ("Walmart") asked about using deposition video clips during opening statements. *See* Dkt. 340 at 26:13-25. The Court expressed its concern that there could be objections to the relevance of any such video clips, and it would be hard to rule on such objections "on the fly" during opening statements, without any context. *Id.* at 27:1-21. The Court explained that it typically permits only "stipulated exhibits and demonstratives and things like that" to be used in opening statements "because I know they're coming in." *Id.* at 27:13-14.

Now that the case has proceeded through an entire first trial, the vast majority of the evidence the parties will use at retrial has already been deemed admissible in that first trial. The

1

concern from the first trial—that it would be hard to determine admissibility and relevance during opening statements—no longer applies here. Thus, Zest seeks permission to use during opening statements any exhibits or deposition testimony that were previously admitted at the first trial or any new deposition clips as to which Walmart does not object in its pre-trial deposition objections.

A deposition may be used for any purpose "allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(2). Courts routinely permit the use of excerpts of video depositions during opening statements. *See, e.g.*, *Penman v. Correct Care Sols., LLC*, Case No. 5:18-cv-00058 (TBR), 2022 WL 697914, at *2 (W.D. Ky. Mar. 8, 2022) (allowing party "to show [during opening statements] any video snippets that will later be admitted into evidence"); *Northfield Ins. Co. v. Royal Surplus Lines Ins. Co.*, No. SACV 03-0492-JVS, 2003 WL 25948971, at *3 (C.D. Cal. July 7, 2003) ("The Court is generally of the view that a party in opening statement may use any piece of evidence which the party in good faith believes will be ultimately received at trial"); *MBI Acquis. Partners, L.P. v. Chronicle Publ'g Co.*, No. 01-C-0177-C, 2002 WL 32349903, at *1 (W.D. Wis. Oct. 2, 2002) (allowing use of "excerpts from the video deposition . . . during opening argument").

Of course, Zest has disclosed the exhibits and deposition testimony it intends to use at this retrial in connection with the pretrial disclosures filed contemporaneously with these motions *in limine*. The question Zest raises here is only whether it may use that designated evidence, insofar as it was admitted at the first trial and/or not objected to by Walmart, in opening statements. Zest respectfully requests the Court's clarification on that issue.

Dated: April 1, 2025					Respectfully submitted,

*Patrick Ryan*
Patrick Ryan*
Sean R. McTigue*
Kenneth L. Richard*
Natalie A. Felsen*
BARTKO PAVIA LLP
1100 Sansome Street
San Francisco, CA 94111
(415) 956-1900
*pryan@bartkopavia.com*
**Admitted pro hac vice*

Adam D. Mitzner*
Andrew C. Ryan*
Gianna C. Signorille*
BARTKO PAVIA LLP
555 Madison Avenue, 11th Floor
New York, NY 10022
(212) 980-3500
**Admitted pro hac vice*

Scott P. Richardson
Brittany D. Webb
MCDANIEL WOLFF, PLLC
1307 West Fourth Street
Little Rock, AR 72201
(501) 954-8000
*scott@mcdanielwolff.com*

H. Christopher Bartolomucci*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
*cbartolomucci@schaerr-jaffe.com*
**Admitted pro hac vice*

Kate M. Falkenstien*
BLUE PEAK LAW GROUP, LLP
3790 El Camino Real, PMB 846
Palo Alto, CA 94306-3314
(281) 972-3036
*kate@bluepeak.law*
**Admitted pro hac vice*

*Attorneys for Plaintiffs ZEST LABS, INC., ZEST LABS HOLDINGS LLC, and RISKON INTERNATIONAL, INC.*