# EXHIBIT D

```
 1            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
 2                    CENTRAL DIVISION

 3   ZEST LABS, INC. and
     ECOARK HOLDINGS, INC.,
 4                    Plaintiffs,

 5     v.                              No. 4:18CV00500 JM

 6                                     March 15, 2021
                                       Little Rock, Arkansas
 7                                     10:01 AM
     WALMART, INC.,
 8                    Defendant.

 9           TRANSCRIPT OF TELEPHONIC PRETRIAL HEARING
           BEFORE THE HONORABLE JAMES M. MOODY, JR.,
10                 UNITED STATES DISTRICT JUDGE

11                 _____

12   APPEARANCES VIA TELEPHONE:

13   On Behalf of the Plaintiffs:

14       MR. MICHAEL SIMONS, Attorney at Law
         MR. TODD LANDIS, Attorney at Law
15       MR. FRED WILLIAMS, Attorney at Law
         MS. SARAH TISHLER, Attorney at Law
16       MR. JONATHAN L. HARDT, Attorney at Law
             Williams, Simons & Landis, PLLC
17           327 Congress Avenue, Suite 490
             Austin, Texas   78701
18
         MR. SCOTT P. RICHARDSON, Attorney at Law
19           McDaniel, Wolff & Benca, PLLC
             1307 West Fourth Street
20           Little Rock, Arkansas   72201

21
     On Behalf of the Defendant:
22
         MR. JOHN RICHARD KEVILLE, Attorney at Law
23       MR. ROBERT L. GREEN, Attorney at Law
             Winston & Strawn LLP
24           800 Capitol Street, Suite 2400
             Houston, Texas   77002
25                                          (continuing)
```

APPEARANCES CONTINUED:

    MR. JOHN E. TULL, III, Attorney at Law
    MR. RYAN YOUNGER, Attorney at Law
      Quattlebaum, Grooms & Tull PLLC
      111 Center Street, Suite 1900
      Little Rock, Arkansas  72201

Also Present via telephone:

Randy May
Peter Mehring

    Proceedings reported by machine stenography and displayed in realtime; transcript prepared utilizing computer-aided transcription.

1  but that's what I'm going to do. I'm just going to have to say
2  this particular information for whatever reason. And I'm going
3  to explain that in voir dire or as soon as we pick the jury
4  that this is going to be routine for us to kind of exclude
5  people outside the court staff, so to speak, from time to time
6  so hopefully they're expecting it and think it's routine. But
7  what is your concern on that issue?
8  　　　　　MR. KEVILLE: The concern is a lot of up and down
9  and Zest saying, well, this document is Confidential Attorneys
10  Only so you need to clear the courtroom. Most of the documents
11  in this case were marked either Confidential or Confidential
12  Attorneys Only by both sides. Generally only a few get used at
13  trial and, you know, it gives a certain impression potentially
14  in a trade secret case if the plaintiff is constantly saying
15  that's trade secret, Your Honor, we need to clear the courtroom
16  when nothing has been decided as a trade secret. So that's
17  really my concern on that issue. A, it disrupts the timing
18  quite a lot, but more importantly, also it creates potentially
19  impressions with the jury if it's raised in that way.
20  　　　　　MR. SIMONS: This issue, I think, is a concern and
21  the motion that we filed regarding designation of documents is
22  designed to address that concern. And in part, one of the
23  issues that we have is that, for example, Walmart has
24  designated many documents Attorneys Eyes Only. Those documents
25  can't even be seen by our clients. And we'll obviously have

1  extent they can, they're going to have a much more limited
2  universe of documents than what is on these exhibit lists.  I
3  think Zest has some 2200 documents, we have like a thousand.
4  So, you know, that's certainly not the universe of documents
5  that are actually going to come in at trial.  And I think we
6  just handle it one by one at trial.  But it's not my intent --
7  it would be very rare if ever that I'm going to ask to clear
8  the courtroom.
9          THE COURT:  Here's my practical recommendation.  You
10 guys know your case much better than I do.  So at the beginning
11 of each witness, if it's anticipated that confidential
12 documents are going to be used, that you let me know that.  I
13 will close the courtroom for that witness and we will do that
14 outside the hearing of the jury when they're on a break or
15 something.  And the courtroom will just be -- the back door
16 will be locked essentially.  And to the extent you need to come
17 and go or your staff does, they're just going to have to email
18 somebody to say hey, let me know, we're going to have some way
19 to identify those people that they can come and go during those
20 witnesses.  And it won't be where we empty the courtroom in the
21 presence of the jury on a document by document basis.  We just
22 decide that ahead of time on a witness by witness issue.  I
23 know that deals with the trial aspect of the case, I don't know
24 if that deals with the pretrial aspect of the case.
25         MR. SIMONS:  It doesn't deal with the pretrial

1  second shot is supposed to be right at the beginning of trial.
2           THE COURT:  I'm probably just going to tell people
3  that most people from our side of the world as opposed to the
4  jury have some immunity to some degree and I'll just leave it
5  at that.
6           MR. RICHARDSON:  This is Scott Richardson.  I'm in
7  the same boat as Mr. Tull.  I got my first shot and they
8  scheduled my second shot for the second day of trial.
9           THE COURT:  All right.  Well, good luck with that.
10 I didn't have a problem with my second shot, but some people I
11 know did.  But you're not that important anyway, are you,
12 Scott?
13          MR. RICHARDSON:  No.
14          THE COURT:  I'm kidding.
15          MR. TULL:  Judge, if Scott and I look asleep, you'll
16 just think that's normal anyway.
17          THE COURT:  I get it.  Going, going -- we're off the
18 record.  Thank y'all.
19      (Proceedings adjourned at 12:01 PM.)
20                  REPORTER'S CERTIFICATE
21    I certify that the foregoing is a correct transcript of
22 proceedings in the above-entitled matter.
23
24 /s/ Karen Dellinger, RMR, CRR, CCR
   ----------------------------------        Date: March 16, 2021
   United States Court Reporter
25