FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 5 2025

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZEST LABS, INC. f/k/a INTELLEFLEX
CORPORATION; RISKON
INTERNATIONAL, INC., and
ZEST HOLDINGS, LLC                                              PLAINTIFFS

v                        CASE NO. 4:18-CV-500-JM

WALMART INC. f/k/a
WAL-MART STORES, INC.,                                          DEFENDANT

## PLAINTIFFS' FIRST PROFFER OF EXHIBITS AND TESTIMONY

Pursuant to Federal Rules of Evidence 103, Plaintiffs Zest Labs, Inc., Zest Holdings, LLC, and RiskOn International, Inc. ("Zest") proffer the following exhibits and testimony, which were discussed on the record with the Court prior to the Court's exclusion of the exhibits and testimony. The exhibits and testimony relate to the witnesses Nikhil Cherian, Aihong Wen, Mingming Li, and Aubree Rankin, all Walmart employees at relevant times to the claims at issue in this matter. As articulated by Plaintiffs pretrial, *see* Dkt. 725 and 734, and during trial, the proffered materials should have been admitted for the following reasons:

- It is relevant to the value of Zest's trade secret, because it shows that Walmart *wanted* a system to predict remaining shelf life.

- It is relevant to prove Zest's trade secret was not readily ascertainable, because it shows that Walmart needed to use Zest's descriptions of its trade secret to try to develop a freshness algorithm to calculate remaining shelf life. This rebuts Walmart's claim that the claimed trade secret was in the public domain: Walmart relied on confidential Zest documents about its trade secret, not publicly available research.

- It is relevant to show how Zest's trade secret was disseminated throughout Walmart, which provides context for how it ended up in the Bohling Application. The Bohling Application

1

did not come out of thin air; it had to be conceived of and drafted. Even when there is not an exact link in a particular email to Mr. Bohling, each piece of evidence that the information was circulated to Walmart employees working on the produce supply chain supports Zest's explanation that its trade secret was widely disseminated within the relevant departments at Walmart before ending up in the patent application.

- It is relevant to prove that Walmart wanted to fire Zest to avoid paying Zest for its technology. Much of this evidence reflects that Walmart wanted to create copycat technology in-house rather than paying Zest. This evidence of Walmart's motivation rebuts Walmart's claim that it decided not to work with Zest because Zest's technology didn't work (which goes directly to the value of the trade secret).

## PLAINTIFFS' PROFFERED TESTIMONY AND EXHIBITS

### I.   Nikhil Cherian

Attached as Exhibit A are the deposition designations of Mr. Cherian that Plaintiffs sought to admit at trial. As sworn, prior testimony subject to cross-examination, the designations speak for themselves. The Court excluded the following portions of Exhibit A based on Walmart's objections:

- 20:02–20:23
- 37:10–37:18
- 44:03–44:05
- 45:06–45:11
- 67:19–68:04
- 70:01–70:09
- 93:16–93:19

- 96:24–97:08
- 97:09–97:15
- 97:19–98:07
- 102:01–102:19
- 106:11–106:18
- 107:16–107:22
- 108:18–109:05
- 171:07–171:13
- 172:04–172:18
- 175:21–176:07
- 177:03–177:22
- 184:05–184:20
- 184:22–185:04
- 185:12–185:16, 18
- 193:23–194:13
- 194:22–195:06
- 197:07–197:25

Also attached collectively as Exhibit B, *Cherian Exhibits*, are Plaintiffs' Trial Exhibits premarked for identification purposes as PTX 152, 154, 155, 164, 165, 166, 169, and 170. Mr. Cherian's anticipated testimony would have been consistent with the documents contained in Exhibit B.

## II. Aihong Wen

Attached collectively as Exhibit C, *Wen Exhibits*, are Plaintiffs' Trial Exhibits premarked for identification purposes as PTX 140, 169, 760, 761, 1094, 2222, 2223, 2224, and 2225. Ms. Wen's anticipated testimony would have been consistent with the documents contained in Exhibit C. Ms. Wen was involved with Walmart's failed attempt to develop its own freshness algorithm.

## III. Mingming Li

Attached as Exhibit D are the deposition designations of Mr. Li that Plaintiffs sought to admit at trial. As sworn, prior testimony subject to cross-examination, the designations speak for themselves. The Court excluded the following portions of Exhibit D based on Walmart's objections:

- 22:09–22:14
- 22:17–23:01
- 49:06–49:10
- 49:22–50:11
- 54:02–54:17
- 58:25–59:09
- 68:08–68:14
- 68:20–68:22
- 69:14–69:18
- 70:05–70:08
- 73:06–73:09
- 73:17–74:01
- 76:24–77:19

4

- 79:11–79:16
- 82:15–83:01
- 84:11–84:15
- 86:16–87:01
- 137:04–137:07
- 137:17–137:23
- 138:11–138:17
- 138:25–139:20
- 141:05–145:12
- 145:06–145:23

Attached collectively as Exhibit E, *Li Exhibits*, are Plaintiffs' Trial Exhibits premarked for identification purposes as PTX 130, 132, 139, and 140. Mr. Li's anticipated testimony would have been consistent with the documents contained in Exhibit E. Mr. Li was the director of merchandising analytics for Walmart.

**IV.   Aubree Rankin**

Attached collectively as Exhibit F, *Rankin Exhibits*, are Plaintiffs' Trial Exhibits premarked for identification purposes as PTX 273, 371, 372, 373, 377, 382, and 386. Ms. Rankin's anticipated testimony would have been consistent with the documents contained in Exhibit F and with her deposition testimony, which is attached hereto as Exhibit G. Ms. Rankin was a programmer for a prototype of Walmart's retention sampling application. The testimony that was permitted at trial confirmed that Ms. Rankin was involved with the Eden program, and as evidenced by the aforementioned exhibits, would routinely receive Zest documents and instructions to use Zest information or data to build Walmart internal designs and processes.

Dated: May 5, 2025

Respectfully submitted,

/s/ Patrick Ryan

Patrick Ryan*
Sean R. McTigue*
Kenneth L. Richard*
Natalie A. Felsen*
BARTKO LLP
1100 Sansome Street
San Francisco, CA 94111
(415) 956-1900
pryan@bartkolaw.com
smctigue@bartkolaw.com
krichard@bartkolaw.com
nfelsen@bartkolaw.com
*Admitted *pro hac vice*

Scott P. Richardson
Brittany D. Webb
MCDANIEL WOLFF, PLLC
1307 West Fourth Street
Little Rock, AR 72201
(501) 954-8000
scott@mcdanielwolff.com
bwebb@mcdanielwolff.com

H. Christopher Bartolomucci*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
*Admitted *pro hac vice*

Kate M. Falkenstien*
BLUE PEAK LAW GROUP, LLP
3790 El Camino Real, PMB 846
Palo Alto, CA 94306-3314
(281) 972-3036
kate@bluepeak.law
*Admitted *pro hac vice*

*Attorneys for Plaintiffs ZEST LABS, INC., ZEST LABS HOLDINGS LLC, and RISKON INTERNATIONAL, INC.*