IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| ZEST LABS, INC. f/k/a INTELLEFLEX CORPORATION; ZEST LABS HOLDINGS, LLC; and RISKON INTERNATIONAL, INC.<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC. F/K/A WAL-MART STORES, INC.,<br><br>Defendant. | CIVIL ACTION NO. 4:18-CV-500-JM<br><br>JURY TRIAL DEMANDED |

### WALMART INC'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Walmart Inc. moves for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) and, in support, states:

1. Walmart is entitled to judgment as a matter of law on Plaintiffs' ("Zest") claims for trade-secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Arkansas Trade Secrets Act, Ark. Code Ann. § 4-75-601 *et seq.*

2. Zest failed to identify its purported trade secret with sufficient particularity.

3. Zest failed to offer sufficient evidence that its "solution" was a trade secret. What Zest claimed was its trade secret in the Bohling Application was generally known and readily ascertainable. This "solution" had no actual or potential commercial value by virtue of its non-existent secrecy. And Zest did not take reasonable measures to protect its alleged trade secret.

4. Zest failed to offer sufficient evidence that the Bohling Application disclosed its purported "solution."

5. Zest failed to offer sufficient evidence that its alleged damages were proximately caused by the claimed misappropriation.

6. With no misappropriation claim, Zest has no argument for exemplary damages. Even if the misappropriation claim survives, the Court should enter judgment against the request for exemplary damages. The parties' contract expressly precluded exemplary damages, making an award of exemplary damages an unlawful windfall. And there is insufficient evidence of conduct that could support exemplary damages.

7. A contemporaneously filed brief in support is incorporated by reference.

WHEREFORE, Walmart Inc. prays that this Court enter judgment as a matter of law in its favor and dismiss the complaint with prejudice.

John R. Keville (*pro hac vice*)
jkeville@sheppardmullin.com
Robert L. Green (*pro hac vice*)
rgreen@sheppardmullin.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
700 Louisiana Street, Suite 2750
Houston, Texas 77002-2791
(713) 431-7100 Telephone
(713) 431-7101 Facsimile

John E. Tull III (84150)
E. B. Chiles IV (96179)
R. Ryan Younger (2008209)
Glenn Larkin (2020149)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 Telephone
(501) 379-1701 Facsimile
jtull@qgtlaw.com
cchiles@qgtlaw.com
ryounger@qgtlaw.com
glarkin@qgtlaw.com

*Attorneys for Defendant Walmart Inc.*
*f/k/a Wal-Mart Stores, Inc.*