# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

ZEST LABS, INC. f/k/a INTELLEFLEX
CORPORATION; ZEST LABS HOLDINGS
LLC, and RISKON INTERNATIONAL, INC.,

        Plaintiffs,

v.                                                              No. 4:18-CV-500-JM

WALMART INC. f/k/a WAL-MART STORES,
INC.,

        Defendant.

_____/

## COURT'S JURY INSTRUCTIONS

3146.001/5779942.1

## JURY INSTRUCTION NO. 1

MEMBERS OF THE JURY, THE INSTRUCTIONS I GAVE AT THE BEGINNING OF THE TRIAL AND DURING THE TRIAL ARE STILL IN EFFECT. NOW I AM GOING TO GIVE YOU SOME ADDITIONAL INSTRUCTIONS.

YOU HAVE TO FOLLOW ALL OF MY INSTRUCTIONS -- THE ONES I GAVE YOU EARLIER, AS WELL AS THOSE I GIVE YOU NOW. DO NOT SINGLE OUT SOME INSTRUCTIONS AND IGNORE OTHERS, BECAUSE THEY ARE ALL IMPORTANT. THIS IS TRUE EVEN THOUGH I AM NOT GOING TO REPEAT SOME OF THE INSTRUCTIONS I GAVE YOU AT THE BEGINNING OF OR DURING THE TRIAL.

YOU WILL HAVE COPIES OF THE INSTRUCTIONS I AM ABOUT TO GIVE YOU NOW IN THE JURY ROOM. REMEMBER, YOU HAVE TO FOLLOW ALL INSTRUCTIONS, NO MATTER WHEN I GIVE THEM, WHETHER OR NOT YOU HAVE WRITTEN COPIES.

This instruction was used at the first trial. *See* Docket No. 369.

Walmart did not prepare a counter-designation.

**JURY INSTRUCTION NO. 2**

I HAVE NOT INTENDED TO SUGGEST WHAT I THINK YOUR VERDICT

SHOULD BE BY ANY OF MY RULINGS OR COMMENTS DURING THE TRIAL.

This instruction was used at the first trial. *See* Docket No. 369.

Walmart did not prepare a counter-designation.

**JURY INSTRUCTION NO. 3**

AFTER I HAVE COMPLETED MY INSTRUCTIONS TO YOU ON THE LAW IN THIS CASE, YOU WILL BE GIVEN A NUMBER OF WRITTEN QUESTIONS CALLED INTERROGATORIES. THESE INTERROGATORIES PRESENT THE ISSUES OF FACT THAT YOU MUST DECIDE. IN ORDER THAT YOU MAY BE FULLY ACQUAINTED WITH THE ISSUES OF FACT, WHICH ARE BEING SUBMITTED IN THIS CASE FOR YOUR DETERMINATION, I WILL NOW READ THESE INTERROGATORIES, SOME OR ALL OF WHICH YOU MAY BE CALLED UPON TO ANSWER. YOU SHOULD KEEP THESE IN MIND AS I EXPLAIN THE LAW APPLICABLE TO THIS CASE.

[READ INTERROGATORIES]

This instruction was used at the first trial. *See* Docket No. 369.

Walmart did not prepare a counter-designation.

**JURY INSTRUCTION NO. 4**

YOU WILL HAVE TO DECIDE WHETHER CERTAIN FACTS HAVE BEEN PROVED BY THE GREATER WEIGHT OF THE EVIDENCE. A FACT HAS BEEN PROVED IF YOU FIND THAT IT IS MORE LIKELY TRUE THAN NOT TRUE. YOU DECIDE THAT BY CONSIDERING ALL OF THE EVIDENCE AND DECIDING WHAT EVIDENCE IS MORE BELIEVABLE.

YOU HAVE PROBABLY HEARD OF THE PHRASE ΑPROOF BEYOND A REASONABLE DOUBT. THAT IS A STRICTER STANDARD THAN MORE LIKELY TRUE THAN NOT TRUE. IT APPLIES IN CRIMINAL CASES, BUT NOT IN THIS CIVIL CASE; SO PUT IT OUT OF YOUR MINDS.

This instruction was used at the first trial. *See* Docket No. 369.

Walmart did not prepare a counter-designation.

## JURY INSTRUCTION NO. 5

WHEN I USE THE WORD "EVIDENCE," I MEAN THE TESTIMONY OF WITNESSES; DOCUMENTS AND OTHER THINGS I RECEIVED AS EXHIBITS; FACTS THAT I TOLD YOU THE PARTIES HAVE AGREED ARE TRUE; AND ANY OTHER FACTS THAT I TOLD YOU TO ACCEPT AS TRUE.

SOME THINGS ARE NOT EVIDENCE. I WILL TELL YOU NOW WHAT IS NOT EVIDENCE:

1. LAWYERS' STATEMENTS, ARGUMENTS, QUESTIONS, AND COMMENTS ARE NOT EVIDENCE.

2. DOCUMENTS OR OTHER THINGS THAT MIGHT BE IN COURT OR TALKED ABOUT, BUT THAT I DO NOT RECEIVE AS EXHIBITS, ARE NOT EVIDENCE.

3. OBJECTIONS ARE NOT EVIDENCE. LAWYERS HAVE A RIGHT – AND SOMETIMES A DUTY – TO OBJECT WHEN THEY BELIEVE SOMETHING SHOULD NOT BE A PART OF THE TRIAL. DO NOT BE INFLUENCED ONE WAY OR THE OTHER BY OBJECTIONS. IF I SUSTAINED A LAWYER'S OBJECTION TO A QUESTION OR AN EXHIBIT, THAT MEANS THE LAW DOES NOT ALLOW YOU TO CONSIDER THAT INFORMATION. WHEN THAT HAPPENED, YOU SHOULD HAVE IGNORED THE QUESTION OR THE EXHIBIT, AND YOU SHOULD NOT HAVE TRIED TO GUESS WHAT THE INFORMATION MIGHT HAVE BEEN.

4. TESTIMONY AND EXHIBITS THAT I STRUCK FROM THE RECORD, OR TOLD YOU TO DISREGARD, ARE NOT EVIDENCE, AND YOU MUST NOT CONSIDER THEM.

5. ANYTHING YOU SAW OR HEARD ABOUT THIS CASE OUTSIDE THE COURTROOM IS NOT EVIDENCE, AND YOU MUST NOT CONSIDER IT UNLESS I

SPECIFICALLY TELL YOU OTHERWISE.

ALSO, IF I HAVE TOLD YOU THAT YOU CAN CONSIDER A PIECE OF EVIDENCE

FOR ONE PURPOSE ONLY, AND NOT FOR ANY OTHER PURPOSE.

This instruction was used at the first trial. *See* Docket No. 369.

Walmart did not prepare a counter-designation.

## JURY INSTRUCTION NO. 6

IN DECIDING WHAT THE FACTS ARE, YOU MAY HAVE TO DECIDE WHAT
TESTIMONY YOU BELIEVE AND WHAT TESTIMONY YOU DO NOT BELIEVE. YOU
MAY BELIEVE ALL OF WHAT A WITNESS SAID, OR ONLY PART OF IT, OR NONE OF
IT.

YOU MAY CONSIDER A WITNESS'S INTELLIGENCE; THE OPPORTUNITY THE
WITNESS HAD TO SEE OR HEAR THE THINGS TESTIFIED ABOUT; A WITNESS'S
MEMORY, KNOWLEDGE, EDUCATION, AND EXPERIENCE; ANY REASONS A
WITNESS MIGHT HAVE FOR TESTIFYING A CERTAIN WAY, HOW A WITNESS ACTED
WHILE TESTIFYING, WHETHER A WITNESS SAID SOMETHING DIFFERENT AT
ANOTHER TIME, WHETHER A WITNESS'S TESTIMONY SOUNDED REASONABLE,
AND WHETHER OR TO WHAT EXTENT A WITNESS'S TESTIMONY IS CONSISTENT
WITH OTHER EVIDENCE YOU BELIEVE.

IN DECIDING WHETHER TO BELIEVE A WITNESS, REMEMBER THAT PEOPLE
SOMETIMES HEAR OR SEE THINGS DIFFERENTLY AND SOMETIMES FORGET
THINGS. YOU WILL HAVE TO DECIDE WHETHER A CONTRADICTION IS AN
INNOCENT MISRECOLLECTION, OR A LAPSE OF MEMORY, OR AN INTENTIONAL
FALSEHOOD; THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN
IMPORTANT FACT OR ONLY A SMALL DETAIL.

This instruction was used at the first trial. *See* Docket No. 369.

Walmart did not prepare a counter-designation.

**JURY INSTRUCTION NO. 6.1**

AT THE TIME OF THE EVENTS AT ISSUE, ZEST, ZEST EMPLOYEES AND ZEST'S ATTORNEYS WERE PRINCIPAL AND AGENT. SO TOO WERE WALMART, WALMART EMPLOYEES, AND WALMART'S ATTORNEYS.  THEREFORE, ANY KNOWLEDGE, ACTIONS, OR INACTIONS OF ANY AGENT IS CHARGED TO ITS PRINCIPAL.

## JURY INSTRUCTION NO. 7

YOU HAVE HEARD TESTIMONY FROM SEVERAL EXPERT WITNESSES WHO TESTIFIED TO OPINIONS AND THE REASONS FOR THEIR OPINIONS. THIS OPINION TESTIMONY IS ALLOWED BECAUSE OF THE EDUCATION OR EXPERIENCE OF THIS WITNESS.

YOU SHOULD JUDGE THIS OPINION TESTIMONY JUST AS YOU WOULD ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT AND GIVE IT THE WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS'S EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION, AND ALL OTHER EVIDENCE IN THIS CASE.

This instruction was used at the first trial. *See* Docket No. 369.

Walmart did not prepare a counter-designation.

## JURY INSTRUCTION NO. 8.1

ZEST LABS CLAIMS DAMAGES FROM WALMART FOR MISAPPROPRIATION OF ZEST LABS' TRADE SECRET, THE ZEST FRESH SOLUTION. ZEST LABS HAS THE BURDEN OF PROVING EACH OF FOUR ESSENTIAL ELEMENTS:

FIRST, THAT ZEST LABS HAS THE TRADE SECRET IN QUESTION;

SECOND, THAT WALMART MISAPPROPRIATED THAT TRADE SECRET;

THIRD, THAT ZEST LABS SUSTAINED DAMAGES;

FOURTH, THAT THE MISAPPROPRIATION OF THE TRADE SECRET WAS A PROXIMATE CAUSE OF ZEST LABS' DAMAGES.

AMI 2601.

This instruction is based on Ark. Code Ann. § 4-75-601.

This instruction was used at the first trial. *See* Docket No. 369.

No disagreement between the parties.

## JURY INSTRUCTION NO. 8.2

WHEN I USE THE WORDS "TRADE SECRET" IN THESE INSTRUCTIONS, I MEAN INFORMATION SUCH AS PATTERNS, PLANS, COMPILATIONS, PROGRAM DEVICES, FORMULAS, DESIGNS, PROTOTYPES, METHODS, TECHNIQUES, PROCESSES, PROCEDURES, PROGRAMS, OR CODES, THAT MEET THE FOLLOWING THREE REQUIREMENTS:

FIRST, THE INFORMATION DERIVES ACTUAL OR POTENTIAL INDEPENDENT ECONOMIC VALUE FROM NOT BEING GENERALLY KNOWN TO OTHER PERSONS WHO COULD OBTAIN ECONOMIC VALUE FROM ITS DISCLOSURE OR USE;

SECOND, THE INFORMATION WAS NOT READILY ASCERTAINABLE, THROUGH PROPER MEANS BY SUCH PERSONS; AND

THIRD, THE INFORMATION WAS THE SUBJECT OF REASONABLE EFFORTS TO MAINTAIN ITS SECRECY.

AMI 2602.

This instruction is based on Ark. Code Ann. § 4-75-601(4) ("Definitions: 'Trade secret'").

This instruction was used at the first trial. *See* Docket No. 369.

Walmart's counter-designation deletes the following language previously used by the Court: "patterns, plans, compilations, program devices, prototypes, methods, techniques, processes and procedures, programs or codes" .  This language Walmart seeks to delete appears in AMI 2602.

## JURY INSTRUCTION NO. 8.3

WHEN I USE THE WORD "MISAPPROPRIATION" IN THESE INSTRUCTIONS, I MEAN:

(A)    ACQUISITION OF ANOTHER PERSON'S TRADE SECRET, BY A PERSON WHO KNOWS OR HAS REASON TO KNOW THAT THE TRADE SECRET WAS ACQUIRED BY IMPROPER MEANS; OR

(B)    DISCLOSURE OR USE OF A TRADE SECRET BELONGING TO ANOTHER PERSON, WITHOUT EXPRESS OR IMPLIED CONSENT, BY A PERSON WHO:

(a)    USED IMPROPER MEANS TO ACQUIRE KNOWLEDGE OF THE TRADE SECRET; OR

(b)    AT THE TIME OF DISCLOSURE OR USE, KNEW OR HAD REASON TO KNOW THAT ITS KNOWLEDGE OF THE TRADE SECRET WAS:

(i)    DERIVED FROM OR THROUGH A PERSON WHO HAD UTILIZED IMPROPER MEANS TO ACQUIRE IT; OR

(ii)    ACQUIRED UNDER CIRCUMSTANCES GIVING RISE TO A DUTY TO MAINTAIN ITS SECRECY OR LIMIT ITS USE; OR

(iii)    DERIVED FROM OR THROUGH A PERSON WHO OWED A DUTY TO MAINTAIN ITS SECRECY OR LIMIT ITS USE; OR

(c)    ACQUIRED THE INFORMATION BY ACCIDENT OR MISTAKE, AND, BEFORE A MATERIAL CHANGE OF ITS POSITION, KNEW OR HAD REASON TO KNOW IT WAS A TRADE SECRET.

AMI 2601.

This instruction is based on Ark. Code Ann. § 4-75-601.

This instruction was used at the first trial. *See* Docket No. 369.


Walmart seeks to delete subsections (A); B(a); B(b) (i); B(b)(iii); and (B(c). Those sections all appear in AMI 2601.

**JURY INSTRUCTION NO. 8.4**


WHEN I USE THE WORDS "IMPROPER MEANS" IN THESE INSTRUCTIONS, I

MEAN THE ACQUISITION OF A TRADE SECRET BY THEFT, MISREPRESENTATION,

BREACH OF A DUTY TO MAINTAIN SECRECY, INDUCING ANOTHER TO BREACH A

DUTY OF SECRECY, OR ESPIONAGE THROUGH ANY MEANS.


AMI 2603.

This instruction is based on Ark. Code Ann. § 4-75-601.

**JURY INSTRUCTION NO. 8.5**


THE LAW FREQUENTLY USES THE EXPRESSION "PROXIMATE CAUSE," WITH WHICH YOU MAY NOT BE FAMILIAR. WHEN I USE THE EXPRESSION "PROXIMATE CAUSE," I MEAN A CAUSE WHICH, IN A NATURAL AND CONTINUOUS SEQUENCE, PRODUCES DAMAGE AND WITHOUT WHICH THE DAMAGE WOULD NOT HAVE OCCURRED.

## JURY INSTRUCTION NO. 8.6

IF YOU FIND FOR ZEST LABS ON THE QUESTION OF LIABILITY AGAINST WALMART, YOU MUST THEN FIX THE AMOUNT OF MONEY WHICH WILL REASONABLY AND FAIRLY COMPENSATE IT FOR ANY OF THE FOLLOWING ELEMENTS OF DAMAGE SUSTAINED IF PROXIMATELY CAUSED BY THE MISAPPROPRIATION OF THE ZEST FRESH SOLUTION BY WALMART:

(A) THE VALUE OF ANY NET PROFITS LOST BY ZEST LABS AND THE PRESENT VALUE OF ANY NET PROFITS REASONABLY CERTAIN TO BE LOST BY ZEST LABS IN THE FUTURE,

(B) TO THE EXTENT NOT INCLUDED WITHIN ANY SUCH LOST PROFITS THE VALUE OF ANY NET PROFIT UNJUSTLY GAINED BY WALMART AND THE PRESENT VALUE OF ANY UNJUST NET PROFITS REASONABLY CERTAIN TO BE GAINED IN THE FUTURE BY WALMART.

(C) THE VALUE OF SAVED RESEARCH AND DEVELOPMENT COSTS UNJUSTLY GAINED BY WALMART AS A RESULT OF THE MISAPPROPRIATION.

ALTERNATIVELY, YOU MAY FIX THE AMOUNT OF MONEY WHICH WILL REASONABLY AND FAIRLY COMPENSATE ZEST LABS FOR THE VALUE OF A REASONABLE ROYALTY.

WHETHER THIS ELEMENT OF DAMAGE HAS BEEN PROVED BY THE EVIDENCE IS FOR YOU TO DETERMINE.

This instruction is based on AMI 2604, which states:

Measure of Damages—Misappropriation of Trade Secrets
(A) The value of any net profits lost by (plaintiff) [and the present value of any net profits reasonably certain to be lost by (plaintiff) in the future], *[and]*
(B) *[To the extent not included within any such lost profits,]* [The] [the] value of any net profit unjustly gained by (defendant) [and the present value of any unjust net profits reasonably certain to be gained in the future by (defendant)].

(C) *[To the extent not included within the foregoing element(s),][The][the]* value of (insert description of benefit)*[or][any other benefit]* unjustly gained by (defendant) as a result of the misappropriation.

This instruction is based upon Ark. Code Ann. § 4-75-606.

## JURY INSTRUCTION NO. 8.7

IN ADDITION TO COMPENSATORY DAMAGES FOR ANY ACTUAL LOSS THAT ZEST LABS MAY HAVE SUSTAINED, ZEST LABS ASKS FOR EXEMPLARY DAMAGES FROM WALMART. IF YOU DECIDE THAT WALMART HAS MISAPPROPRIATED A TRADE SECRET OF ZEST LABS, YOU WILL BE ASKED ON YOUR VERDICT FORM TO INDICATE WHETHER SUCH MISAPPROPRIATION WAS WILLFUL AND MALICIOUS. AN ACT IS DONE "WILLFULLY" IF IT IS VOLUNTARY AND INTENTIONAL, RATHER THAN BY MISTAKE OR ACCIDENT. AN ACT IS DONE "MALICIOUSLY" IF PROMPTED OR ACCOMPANIED BY SUCH GROSS INDIFFERENCE TO THE RIGHTS OF OTHERS AS WILL AMOUNT TO A WILLFUL ACT WITHOUT JUST CAUSE OR EXCUSE. TO FIND THAT AN ACT WAS DONE "MALICIOUSLY" YOU ARE NOT REQUIRED TO FIND THAT DEFENDANT HAD PERSONAL ANIMUS TOWARD OR HATED THE PLAINTIFF. EXEMPLARY DAMAGES MAY BE IMPOSED IF ZEST LABS PROVES BY CLEAR AND CONVINCING EVIDENCE THAT WALMART WILLFULLY AND MALICIOUSLY MISAPPROPRIATED ZEST LABS' TRADE SECRET.

"CLEAR AND CONVINCING EVIDENCE" IS PROOF THAT ENABLES YOU WITHOUT HESITATION TO REACH A FIRM CONVICTION THAT THE ALLEGATION IS TRUE.

YOU ARE NOT REQUIRED TO ASSESS EXEMPLARY DAMAGES AGAINST WALMART BUT YOU MAY DO SO IF JUSTIFIED BY THE EVIDENCE. YOU MAY CONSIDER AN AWARD OF EXEMPLARY DAMAGES ONLY IF YOU FOUND THAT ZEST LABS IS ENTITLED TO RECOVER COMPENSATORY DAMAGES.

## JURY INSTRUCTION 9

THE STANDARDS FOR DETERMINING WHETHER SOMETHING QUALIFIES FOR PATENT PROTECTION DIFFER FROM THOSE FOR DETERMINING WHETHER INFORMATION QUALIFIES AS A TRADE SECRET.

PATENT LAW REQUIRES THAT AN INVENTION BE NOVEL AND NON-OBVIOUS COMPARED TO PRIOR ART. IN CONTRAST, TRADE SECRET LAW PROTECTS INFORMATION THAT (1) DERIVES ECONOMIC VALUE FROM NOT BEING GENERALLY KNOWN TO OTHERS WHO COULD OBTAIN ECONOMIC VALUE FROM ITS DISCLOSURE OR USE, AND (2) IS SUBJECT TO REASONABLE EFFORTS TO MAINTAIN ITS SECRECY.

A PATENT EXAMINER'S REJECTION OF A PATENT APPLICATION AS LACKING NOVELTY OR BEING ANTICIPATED BY PRIOR ART DOES NOT DETERMINE WHETHER THE INFORMATION QUALIFIES AS A TRADE SECRET. INFORMATION CAN FAIL TO MEET PATENT STANDARDS OF NOVELTY WHILE STILL QUALIFYING FOR TRADE SECRET PROTECTION.

FURTHERMORE, A COMBINATION OR COMPILATION OF ELEMENTS INDIVIDUALLY KNOWN TO THE PUBLIC MAY STILL QUALIFY AS A TRADE SECRET IF THE COMBINATION ITSELF IS NOT GENERALLY KNOWN AND CREATES VALUE FROM ITS SECRECY.

YOU SHOULD EVALUATE WHETHER ZEST'S ALLEGED TRADE SECRET MEETS THE LEGAL REQUIREMENTS FOR PROTECTION INDEPENDENT OF ANY DETERMINATIONS MADE BY PATENT EXAMINERS ABOUT NOVELTY OR PATENTABILITY.

[THE STANDARDS GIVING RISE TO PROTECTIBILITY ARE DIFFERENT FOR PATENTS THAN FOR TRADE SECRETS.

3146.001/5779942.1

YOU SHOULD USE THE COURT'S INSTRUCTIONS TO DETERMINE WHAT IS A TRADE SECRET, BUT, AS DISTINGUISHED FROM A PATENT, A TRADE SECRET NEED NOT BE ESSENTIALLY NEW, NOVEL OR UNIQUE. NOVELTY AND INVENTION ARE NOT REQUISITE FOR A TRADE SECRET AS THEY ARE FOR PATENTABILITY.

Source: *Cataphote Corp. v. Hudson*, 422 F.2d 1290, 1293-94 (5th Cir. 1970)]]

**READ AFTER CLOSING INSTRUCTIONS**


**FINAL JURY INSTRUCTION**


THERE ARE RULES YOU MUST FOLLOW WHEN YOU GO TO THE JURY ROOM

TO DELIBERATE AND RETURN WITH YOUR VERDICT.

FIRST, YOU WILL SELECT A FOREPERSON.  THAT PERSON WILL PRESIDE

OVER YOUR DISCUSSIONS AND SPEAK FOR YOU HERE IN COURT.

SECOND, IT IS YOUR DUTY, AS JURORS, TO DISCUSS THIS CASE WITH ONE

ANOTHER IN THE JURY ROOM.  YOU SHOULD TRY TO REACH AGREEMENT, IF

YOU CAN DO THIS WITHOUT GOING AGAINST WHAT YOU BELIEVE TO BE THE

TRUTH, BECAUSE ALL JURORS HAVE TO AGREE ON THE VERDICT.

EACH OF YOU MUST COME TO YOUR OWN DECISION, BUT ONLY AFTER

YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED THE EVIDENCE FULLY

WITH YOUR FELLOW JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW

JURORS.

DO NOT BE AFRAID TO CHANGE YOUR MIND IF THE DISCUSSION

PERSUADES YOU THAT YOU SHOULD.  BUT, DO NOT COME TO A DECISION JUST

BECAUSE OTHER JURORS THINK IT IS RIGHT, OR JUST TO REACH A VERDICT.

REMEMBER YOU ARE NOT FOR OR AGAINST ANY PARTY.  YOU ARE JUDGES --

JUDGES OF THE FACTS.  YOUR ONLY JOB IS TO STUDY THE EVIDENCE AND

DECIDE WHAT IS TRUE.

THIRD, IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR

DELIBERATIONS, SEND ME A NOTE SIGNED BY ONE OR MORE OF YOU.  GIVE THE

NOTE TO THE COURT SECURITY OFFICER AND I WILL ANSWER YOU AS SOON AS I CAN, EITHER IN WRITING OR HERE IN COURT.  WHILE YOU ARE DELIBERATING, DO NOT TELL ANYONE - INCLUDING ME - HOW MANY JURORS ARE VOTING FOR ANY SIDE.

FOURTH, YOUR VERDICT HAS TO BE BASED ONLY ON THE EVIDENCE AND ON THE LAW THAT I HAVE GIVEN TO YOU IN MY INSTRUCTIONS.    NOTHING I HAVE SAID OR DONE WAS MEANT TO SUGGEST WHAT I THINK YOUR VERDICT SHOULD BE.  THE VERDICT IS ENTIRELY UP TO YOU.

FINALLY, THE VERDICT FORM IS YOUR WRITTEN DECISION IN THIS CASE. THE FORM READS: (READ FORM). YOU WILL TAKE THESE FORMS TO THE JURY ROOM, AND WHEN YOU HAVE ALL AGREED ON THE VERDICTS, YOUR FOREPERSON WILL FILL IN THE FORMS, SIGN AND DATE THEM, AND TELL THE COURT SECURITY OFFICER THAT YOU ARE READY TO RETURN TO THE COURTROOM.