**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

ZEST LABS, INC. f/k/a INTELLEFLEX
CORPORATION; ZEST LABS HOLDINGS
LLC, and RISKON INTERNATIONAL, INC.,

        Plaintiffs,

v.                                        No. 4:18-CV-500-JM

WALMART INC. f/k/a WAL-MART STORES,
INC.,

        Defendant.

_____/

**FINAL JURY INSTRUCTIONS**
5/9/25

**EXHIBIT 1**

**JURY INSTRUCTION NO. 1**

MEMBERS OF THE JURY, THE INSTRUCTIONS I GAVE AT THE BEGINNING OF THE TRIAL AND DURING THE TRIAL ARE STILL IN EFFECT. NOW I AM GOING TO GIVE YOU SOME ADDITIONAL INSTRUCTIONS.

YOU HAVE TO FOLLOW ALL OF MY INSTRUCTIONS -- THE ONES I GAVE YOU EARLIER, AS WELL AS THOSE I GIVE YOU NOW. DO NOT SINGLE OUT SOME INSTRUCTIONS AND IGNORE OTHERS, BECAUSE THEY ARE ALL IMPORTANT. THIS IS TRUE EVEN THOUGH I AM NOT GOING TO REPEAT SOME OF THE INSTRUCTIONS I GAVE YOU AT THE BEGINNING OF OR DURING THE TRIAL.

YOU WILL HAVE COPIES OF THE INSTRUCTIONS I AM ABOUT TO GIVE YOU NOW IN THE JURY ROOM. REMEMBER, YOU HAVE TO FOLLOW ALL INSTRUCTIONS, NO MATTER WHEN I GIVE THEM, WHETHER OR NOT YOU HAVE WRITTEN COPIES.

**JURY INSTRUCTION NO. 2**

I HAVE NOT INTENDED TO SUGGEST WHAT I THINK YOUR VERDICT SHOULD BE BY ANY OF MY RULINGS OR COMMENTS DURING THE TRIAL.

**JURY INSTRUCTION NO. 3**

AFTER I HAVE COMPLETED MY INSTRUCTIONS TO YOU ON THE LAW IN THIS CASE, YOU WILL BE GIVEN A NUMBER OF WRITTEN QUESTIONS CALLED INTERROGATORIES. THESE INTERROGATORIES PRESENT THE ISSUES OF FACT THAT YOU MUST DECIDE. IN ORDER THAT YOU MAY BE FULLY ACQUAINTED WITH THE ISSUES OF FACT, WHICH ARE BEING SUBMITTED IN THIS CASE FOR YOUR DETERMINATION, I WILL NOW READ THESE INTERROGATORIES, SOME OR ALL OF WHICH YOU MAY BE CALLED UPON TO ANSWER. YOU SHOULD KEEP THESE IN MIND AS I EXPLAIN THE LAW APPLICABLE TO THIS CASE.

[READ INTERROGATORIES]

**JURY INSTRUCTION NO. 4**

YOU WILL HAVE TO DECIDE WHETHER CERTAIN FACTS HAVE BEEN PROVED BY THE GREATER WEIGHT OF THE EVIDENCE. A FACT HAS BEEN PROVED IF YOU FIND THAT IT IS MORE LIKELY TRUE THAN NOT TRUE. YOU DECIDE THAT BY CONSIDERING ALL OF THE EVIDENCE AND DECIDING WHAT EVIDENCE IS MORE BELIEVABLE.

YOU HAVE PROBABLY HEARD OF THE PHRASE PROOF BEYOND A REASONABLE DOUBT. THAT IS A STRICTER STANDARD THAN MORE LIKELY TRUE THAN NOT TRUE. IT APPLIES IN CRIMINAL CASES, BUT NOT IN THIS CIVIL CASE; SO PUT IT OUT OF YOUR MINDS.

## JURY INSTRUCTION NO. 5

WHEN I USE THE WORD "EVIDENCE," I MEAN THE TESTIMONY OF WITNESSES; DOCUMENTS AND OTHER THINGS I RECEIVED AS EXHIBITS; FACTS THAT I TOLD YOU THE PARTIES HAVE AGREED ARE TRUE; AND ANY OTHER FACTS THAT I TOLD YOU TO ACCEPT AS TRUE.

SOME THINGS ARE NOT EVIDENCE. I WILL TELL YOU NOW WHAT IS NOT EVIDENCE:

1. LAWYERS' STATEMENTS, ARGUMENTS, QUESTIONS, AND COMMENTS ARE NOT EVIDENCE.

2. DOCUMENTS OR OTHER THINGS THAT MIGHT BE IN COURT OR TALKED ABOUT, BUT THAT I DO NOT RECEIVE AS EXHIBITS, ARE NOT EVIDENCE.

3. OBJECTIONS ARE NOT EVIDENCE. LAWYERS HAVE A RIGHT – AND SOMETIMES A DUTY – TO OBJECT WHEN THEY BELIEVE SOMETHING SHOULD NOT BE A PART OF THE TRIAL. DO NOT BE INFLUENCED ONE WAY OR THE OTHER BY OBJECTIONS. IF I SUSTAINED A LAWYER'S OBJECTION TO A QUESTION OR AN EXHIBIT, THAT MEANS THE LAW DOES NOT ALLOW YOU TO CONSIDER THAT INFORMATION. WHEN THAT HAPPENED, YOU SHOULD HAVE IGNORED THE QUESTION OR THE EXHIBIT, AND YOU SHOULD NOT HAVE TRIED TO GUESS WHAT THE INFORMATION MIGHT HAVE BEEN.

4. ANYTHING YOU SAW OR HEARD ABOUT THIS CASE OUTSIDE THE COURTROOM IS NOT EVIDENCE, AND YOU MUST NOT CONSIDER IT UNLESS I

SPECIFICALLY TELL YOU OTHERWISE.

**JURY INSTRUCTION NO. 6**

IN DECIDING WHAT THE FACTS ARE, YOU MAY HAVE TO DECIDE WHAT TESTIMONY YOU BELIEVE AND WHAT TESTIMONY YOU DO NOT BELIEVE. YOU MAY BELIEVE ALL OF WHAT A WITNESS SAID, OR ONLY PART OF IT, OR NONE OF IT.

YOU MAY CONSIDER A WITNESS'S INTELLIGENCE; THE OPPORTUNITY THE WITNESS HAD TO SEE OR HEAR THE THINGS TESTIFIED ABOUT; A WITNESS'S MEMORY, KNOWLEDGE, EDUCATION, AND EXPERIENCE; ANY REASONS A WITNESS MIGHT HAVE FOR TESTIFYING A CERTAIN WAY, HOW A WITNESS ACTED WHILE TESTIFYING, WHETHER A WITNESS SAID SOMETHING DIFFERENT AT ANOTHER TIME, WHETHER A WITNESS'S TESTIMONY SOUNDED REASONABLE, AND WHETHER OR TO WHAT EXTENT A WITNESS'S TESTIMONY IS CONSISTENT WITH OTHER EVIDENCE YOU BELIEVE.

IN DECIDING WHETHER TO BELIEVE A WITNESS, REMEMBER THAT PEOPLE SOMETIMES HEAR OR SEE THINGS DIFFERENTLY AND SOMETIMES FORGET THINGS. YOU WILL HAVE TO DECIDE WHETHER A CONTRADICTION IS AN INNOCENT MISRECOLLECTION, OR A LAPSE OF MEMORY, OR AN INTENTIONAL FALSEHOOD; THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR ONLY A SMALL DETAIL.

# JURY INSTRUCTION NO. 7

AT THE TIME OF THE EVENTS AT ISSUE, ZEST AND ZEST'S ATTORNEYS WERE PRINCIPAL AND AGENT. THEREFORE, ANY KNOWLEDGE, ACTIONS, OR INACTIONS OF ZEST'S ATTORNEYS IS CHARGED TO ZEST.

**JURY INSTRUCTION NO. 8**

YOU HAVE HEARD TESTIMONY FROM SEVERAL EXPERT WITNESSES WHO TESTIFIED TO OPINIONS AND THE REASONS FOR THEIR OPINIONS. THIS OPINION TESTIMONY IS ALLOWED BECAUSE OF THE EDUCATION OR EXPERIENCE OF THIS WITNESS.

YOU SHOULD JUDGE THIS OPINION TESTIMONY JUST AS YOU WOULD ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT AND GIVE IT THE WEIGHT YOU THINK IT DESERVES, CONSIDERING THE WITNESS'S EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION, AND ALL OTHER EVIDENCE IN THIS CASE.

# JURY INSTRUCTION NO. 9

WHEN I USE THE WORDS "TRADE SECRET" IN THESE INSTRUCTIONS, I MEAN INFORMATION SUCH AS A PROCESS OR SOLUTION THAT MEETS THE FOLLOWING THREE REQUIREMENTS:

FIRST, THE INFORMATION DERIVES ACTUAL OR POTENTIAL INDEPENDENT ECONOMIC VALUE FROM NOT BEING GENERALLY KNOWN TO OTHER PERSONS WHO COULD OBTAIN ECONOMIC VALUE FROM ITS DISCLOSURE OR USE;

SECOND, THE INFORMATION WAS NOT READILY ASCERTAINABLE, THROUGH PROPER MEANS BY SUCH PERSONS; AND

THIRD, THE INFORMATION WAS THE SUBJECT OF REASONABLE EFFORTS TO MAINTAIN ITS SECRECY.

# JURY INSTRUCTION NO. 10

ZEST LABS CLAIMS DAMAGES FROM WALMART AND HAS THE BURDEN OF PROVING EACH OF FOUR ESSENTIAL PROPOSITIONS:

FIRST, THAT THE ZEST FRESH SOLUTION IS A TRADE SECRET;

SECOND, THAT WALMART MISAPPROPRIATED ZEST LABS' TRADE SECRET;

THIRD, THAT ZEST LABS SUSTAINED DAMAGES; AND

FOURTH, THAT THE MISAPPROPRIATION OF THE TRADE SECRET WAS A PROXIMATE CAUSE OF ZEST LABS' DAMAGES.

## JURY INSTRUCTION NO. 11

WHEN I USE THE WORD "MISAPPROPRIATION" IN THESE INSTRUCTIONS, I MEAN DISCLOSURE OR USE OF A TRADE SECRET BELONGING TO ANOTHER PERSON, WITHOUT EXPRESS OR IMPLIED CONSENT, BY A PERSON WHO AT THE TIME OF DISCLOSURE OR USE, KNEW OR HAD REASON TO KNOW THAT ITS KNOWLEDGE OF THE TRADE SECRET WAS DERIVED FROM OR THROUGH A PERSON WHO OWED A DUTY TO MAINTAIN ITS SECRECY OR LIMIT ITS USE.

# JURY INSTRUCTION NO. 12

THE LAW FREQUENTLY USES THE EXPRESSION "PROXIMATE CAUSE," WITH WHICH YOU MAY NOT BE FAMILIAR. WHEN I USE THE EXPRESSION "PROXIMATE CAUSE," I MEAN A CAUSE WHICH, IN A NATURAL AND CONTINUOUS SEQUENCE, PRODUCES DAMAGE AND WITHOUT WHICH THE DAMAGE WOULD NOT HAVE OCCURRED.

# JURY INSTRUCTION NO. 13

IF AN INTERROGATORY REQUIRES YOU TO STATE THE DAMAGE TO ZEST LABS FOR MISAPPROPRIATION OF THE TRADE SECRET, YOU MUST FIX THE AMOUNT OF MONEY WHICH WILL REASONABLY AND FAIRLY COMPENSATE ZEST LABS FOR THE VALUE OF A REASONABLE ROYALTY.

WHETHER THIS ELEMENT OF DAMAGE HAS BEEN PROVED BY THE EVIDENCE IS FOR YOU TO DETERMINE.

# JURY INSTRUCTION NO. 14

IN ADDITION TO COMPENSATORY DAMAGES FOR ANY ACTUAL LOSS THAT ZEST LABS MAY HAVE SUSTAINED, ZEST LABS ASKS FOR EXEMPLARY DAMAGES FROM WALMART. EXEMPLARY DAMAGES MAY BE IMPOSED IF ZEST LABS PROVES BY CLEAR AND CONVINCING EVIDENCE THAT WALMART WILLFULLY AND MALICIOUSLY MISAPPROPRIATED ZEST LABS' TRADE SECRET. WALMART ACTED WILFULLY AND MALICIOUSLY IF IT CONTEMPLATED THE EXISTENCE OF THE TRADE SECRET AND TOOK ACTIONS IN RECKLESS DISREGARD AS TO WHETHER THOSE ACTIONS WOULD CONSTITUTE MISAPPROPRIATION OF THAT TRADE SECRET.

"CLEAR AND CONVINCING EVIDENCE" IS PROOF THAT ENABLES YOU WITHOUT HESITATION TO REACH A FIRM CONVICTION THAT THE ALLEGATION IS TRUE.

YOU ARE NOT REQUIRED TO ASSESS EXEMPLARY DAMAGES AGAINST WALMART BUT YOU MAY DO SO IF JUSTIFIED BY THE EVIDENCE. YOU MAY CONSIDER AN AWARD OF EXEMPLARY DAMAGES ONLY IF YOU FOUND THAT ZEST LABS IS ENTITLED TO RECOVER COMPENSATORY DAMAGES.

## READ AFTER CLOSING INSTRUCTIONS

## FINAL JURY INSTRUCTION

THERE ARE RULES YOU MUST FOLLOW WHEN YOU GO TO THE JURY ROOM TO DELIBERATE AND RETURN WITH YOUR VERDICT.

FIRST, YOU WILL SELECT A FOREPERSON. THAT PERSON WILL PRESIDE OVER YOUR DISCUSSIONS AND SPEAK FOR YOU HERE IN COURT.

SECOND, IT IS YOUR DUTY, AS JURORS, TO DISCUSS THIS CASE WITH ONE ANOTHER IN THE JURY ROOM. YOU SHOULD TRY TO REACH AGREEMENT, IF YOU CAN DO THIS WITHOUT GOING AGAINST WHAT YOU BELIEVE TO BE THE TRUTH, BECAUSE ALL JURORS HAVE TO AGREE ON THE VERDICT.

EACH OF YOU MUST COME TO YOUR OWN DECISION, BUT ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED THE EVIDENCE FULLY WITH YOUR FELLOW JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR MIND IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD. BUT, DO NOT COME TO A DECISION JUST BECAUSE OTHER JURORS THINK IT IS RIGHT, OR JUST TO REACH A VERDICT. REMEMBER YOU ARE NOT FOR OR AGAINST ANY PARTY. YOU ARE JUDGES -- JUDGES OF THE FACTS. YOUR ONLY JOB IS TO STUDY THE EVIDENCE AND DECIDE WHAT IS TRUE.

THIRD, IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, SEND ME A NOTE SIGNED BY ONE OR MORE OF YOU. GIVE THE NOTE TO THE COURT SECURITY OFFICER AND I WILL ANSWER YOU AS SOON AS I CAN, EITHER IN WRITING OR HERE IN COURT. WHILE YOU ARE DELIBERATING, DO NOT TELL ANYONE - INCLUDING ME - HOW MANY JURORS ARE VOTING FOR ANY SIDE.

FOURTH, YOUR VERDICT HAS TO BE BASED ONLY ON THE EVIDENCE AND ON THE LAW THAT I HAVE GIVEN TO YOU IN MY INSTRUCTIONS. NOTHING I HAVE SAID OR DONE WAS MEANT TO SUGGEST WHAT I THINK YOUR VERDICT SHOULD BE.  THE VERDICT IS ENTIRELY UP TO YOU.

FINALLY, THE VERDICT FORM IS YOUR WRITTEN DECISION IN THIS CASE. THE FORM READS: (READ FORM). YOU WILL TAKE THIS FORM TO THE JURY ROOM, AND WHEN YOU HAVE ALL AGREED ON THE VERDICTS, YOUR FOREPERSON WILL FILL IN THE FORM, SIGN AND DATE IT, AND TELL THE COURT SECURITY OFFICER THAT YOU ARE READY TO RETURN TO THE COURTROOM.