**JURY INSTRUCTION NO. __**

IN ADDITION TO COMPENSATORY DAMAGES FOR ANY ACTUAL LOSS THAT ZEST LABS MAY HAVE SUSTAINED, ZEST LABS ASKS FOR EXEMPLARY DAMAGES FROM WALMART. EXEMPLARY DAMAGES MAY BE IMPOSED IF ZEST LABS PROVES BY CLEAR AND CONVINCING EVIDENCE THAT WALMART WILLFULLY AND MALICIOUSLY MISAPPROPRIATED ZEST LABS' TRADE SECRET.  WALMART ACTED WILLFULLY IF IT ACTED WITH ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF ITS PROBABLE CONSEQUENCES.  WALMART ACTED MALICIOUSLY IF IT INTENDED TO CAUSE ZEST LABS INJURY.

"CLEAR AND CONVINCING EVIDENCE" IS PROOF THAT ENABLES YOU WITHOUT HESITATION TO REACH A FIRM CONVICTION THAT THE ALLEGATION IS TRUE.

YOU ARE NOT REQUIRED TO ASSESS EXEMPLARY DAMAGES AGAINST WALMART BUT YOU MAY DO SO IF JUSTIFIED BY THE EVIDENCE. YOU MAY CONSIDER AN AWARD OF EXEMPLARY DAMAGES ONLY IF YOU FOUND THAT ZEST LABS IS ENTITLED TO RECOVER COMPENSATORY DAMAGES.

Source: *KPM Analytics N. Am. Corp. v. Blue Sun Sci., LLC*, 729 F. Supp. 3d 84, 105 (D. Mass. Apr. 10, 2024) (quoting 1 Milgrim on Trade Secrets § 1.01[2][c][iv][C]).

**EXHIBIT**

**5**