IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZEST LABS, INC. f/k/a INTELLEFLEX
CORPORATION; RISKON
INTERNATIONAL, INC., and
ZEST HOLDINGS, LLC                                              PLAINTIFFS

v                          CASE NO. 4:18-CV-500-JM

WALMART INC. f/k/a
WAL-MART STORES, INC.,                                           DEFENDANT

### PLAINTIFFS' SECOND PROFFER OF EXHIBITS

Pursuant to Federal Rules of Evidence 103, Plaintiffs Zest Labs, Inc., Zest Holdings, LLC, and RiskOn International, Inc. ("Zest") proffer the following exhibits, which were discussed on the record with the Court prior to the Court's exclusion of the exhibits. The exhibits relate to the witnesses Nikhil Cherian and Mingming Li, both Walmart employees at relevant times to the claims at issue in this matter. As articulated by Plaintiffs pretrial, *see* Doc. 734, and during trial, *see* Vol. 6, 1124:25-1132:9, the proffered materials should have been admitted for the following reasons:

- They are relevant to the value of Zest's trade secret because it shows that Walmart *wanted* a system to predict remaining shelf life.

- They are relevant to show how Zest's trade secret was disseminated throughout Walmart, which provides context for how it ended up in the Bohling Application. The Bohling Application did not come out of thin air; it had to be conceived of and drafted. The Court heard testimony from Mr. Bohling that he worked with multiple Walmart employees who were working directly with Zest, including but not limited to Nikhil Cherian and Denise Sharpe. The Court also heard Mr. Bohling claim that his utter lack of any notes or documents to map how he allegedly conceived the information in his patent was because

he was not "documentary" and his team often talked to each other in person. Even when there is not an exact link in a particular email to Mr. Bohling, each piece of evidence that the information was circulated to Walmart employees working on the produce supply chain supports Zest's explanation that its trade secret was widely disseminated within the relevant departments at Walmart before ending up in the patent application.

## PLAINTIFFS' PROFFERED EXHIBITS

### I.  Plaintiffs' Trial Exhibit (PTX) 133

The Court allowed and accepted deposition testimony by designation from Mr. Li. The testimony received by the Court included discussion about the contents of PTX 133, attached hereto as Exhibit A. If the Court had received PTX 133, Mr. Li's testimony would have been consistent with the contents of the exhibit.

### II.  Plaintiffs' Trial Exhibit (PTX) 149

The Court allowed and accepted deposition testimony by designation from Mr. Cherian. The testimony received by the Court included discussion about the contents of PTX 149. If the Court had received PTX 149, Mr. Cherian's testimony would have been consistent with the contents of the exhibit.

Dated: May 12, 2025

Respectfully submitted,

Patrick Ryan*
Sean R. McTigue*
Kenneth L. Richard*
Natalie A. Felsen*
BARTKO LLP
1100 Sansome Street
San Francisco, CA 94111
(415) 956-1900
pryan@bartkolaw.com
smctigue@bartkolaw.com

*krichard@bartkolaw.com*
*nfelsen@bartkolaw.com*
*Admitted *pro hac vice*

Scott P. Richardson
Brittany D. Webb
MCDANIEL WOLFF, PLLC
1307 West Fourth Street
Little Rock, AR 72201
(501) 954-8000
*scott@mcdanielwolff.com*
*bwebb@mcdanielwolff.com*

H. Christopher Bartolomucci*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
*cbartolomucci@schaerr-jaffe.com*
*Admitted *pro hac vice*

Kate M. Falkenstien*
BLUE PEAK LAW GROUP, LLP
3790 El Camino Real, PMB 846
Palo Alto, CA 94306-3314
(281) 972-3036
*kate@bluepeak.law*
*Admitted *pro hac vice*

*Attorneys for Plaintiffs ZEST LABS, INC., ZEST LABS HOLDINGS LLC, and RISKON INTERNATIONAL, INC.*