# EXHIBIT C

**Subject:** Re: Zest v. Walmart
**Date:** Friday, May 16, 2025 at 11:08:58 AM Central Daylight Time
**From:** Scott Richardson <scott@mcdanielwolff.com>
**To:** Jay Moody <Jay_Moody@ared.uscourts.gov>
**CC:** Chip Chiles <cchiles@qgtlaw.com>, Stacy Hatfield <Stacy_Hatfield@ared.uscourts.gov>, AREDdb_jmchambers <jmchambers@ared.uscourts.gov>, pryan@bartkolaw.com <pryan@bartkolaw.com>, Kate Falkenstien <kfalkenstien@bartkopavia.com>, John Keville <jkeville@sheppardmullin.com>, Robert Green <rgreen@sheppardmullin.com>, Chante Westmoreland <cwestmoreland@sheppardmullin.com>, John Tull <jtull@qgtlaw.com>, R. Ryan Younger <ryounger@qgtlaw.com>, Glenn Larkin <glarkin@qgtlaw.com>, Walmart-Zest <walmart-zest@bartkopavia.com>, Kacie Glenn <Kacie_Glenn@ared.uscourts.gov>

Thank you for the clarification. I think we would like a week or so to see Walmart's brief and if there is anything in it that we need to address that we are not anticipating.

Just fyi, I believe Zest's position will be that willful and wanton was a jury question and so the question to the Court is just amount of exemplary damages. But, I'm confident that will be covered in the briefs.

Best,

Scott

---

**From:** Jay Moody <Jay_Moody@ared.uscourts.gov>
**Sent:** Thursday, May 15, 2025 5:48 PM
**To:** Scott Richardson <scott@mcdanielwolff.com>
**Cc:** Chip Chiles <cchiles@qgtlaw.com>; Stacy Hatfield <Stacy_Hatfield@ared.uscourts.gov>; AREDdb_jmchambers <jmchambers@ared.uscourts.gov>; pryan@bartkolaw.com <pryan@bartkolaw.com>; Kate Falkenstien <kfalkenstien@bartkopavia.com>; John Keville <JKeville@sheppardmullin.com>; Robert Green <RGreen@sheppardmullin.com>; Chante Westmoreland <CWestmoreland@sheppardmullin.com>; John Tull <jtull@qgtlaw.com>; R. Ryan Younger <ryounger@qgtlaw.com>; Glenn Larkin <glarkin@qgtlaw.com>; Walmart-Zest <walmart-zest@bartkopavia.com>; Kacie Glenn <Kacie_Glenn@ared.uscourts.gov>
**Subject:** Re: Zest v. Walmart

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Both I supposed. I believe the only questions that are ripe for decision before I enter judgment is whether I find Walmart's misappropriation was willful and malicious and, if so, what are appropriate exemplary damages. I ask for cross briefing on that issue due June 24. Each of you can be working on your post judgment motions during this time so you should have a working draft of fee requests and JMOL etc. ready for filing within a week of the former. I am happy to field questions this plan may raise.

J.
Sent from my iPad

On May 15, 2025, at 4:44 PM, Scott Richardson <scott@mcdanielwolff.com>
wrote:


**CAUTION - EXTERNAL:**

We write to address some misunderstanding about what the Court intends to
be filed on June 24, 2025.

1. Walmart reads the June 24 date narrowly; Plaintiffs read it broadly.
Walmart has advised that it anticipates filing a brief only "on the issue of
exemplary damages" on June 24 and defer other post-trial motions until after
judgment.
Plaintiffs understood the Court's instruction that "all post-trial motions be filed
by June 24" to encompass any renewed JMOL under Rule 50(b), new-trial
motion under Rule 59, or other Rule 59/60 relief—irrespective of when
judgment enters—so the case may proceed to finality without an additional
multi-month round of briefing.

2. If the sole issue is the DTSA's 2× cap, Plaintiffs will stipulate.
To the extent Walmart's forthcoming brief is limited to reducing the punitive
award to the Defend Trade Secrets Act's statutory cap (2× compensatory),
Plaintiffs stipulate that the punitive award be adjusted to $145.4 million,
eliminating the need for separate briefing on that point.

3. Fee / interest applications will follow entry of judgment.
Motions for attorneys' fees, costs, and post-judgment interest are governed by
Fed. R. Civ. P. 54(d)(2) and 28 U.S.C. § 1961, and pre-judgment interest cannot
be calculated absent a date of judgment; none can be calculated until a
judgment date exists. Accordingly, those applications would be submitted
within the Rule 54(d)(2) window after judgment is entered, whatever schedule
the Court sets.

So the question is what was intended to be filed by June 24: is it (a) Walmart's brief on
only exemplary damages, or (b) all post-trial motions (including 50(b), 59, and 60 relief)
with Zest's fee/interest applications coming after entry of judgment.

Thank you in advance,

Scott

---

**From:** Jay Moody <Jay_Moody@ared.uscourts.gov>

**Date:** Tuesday, May 13, 2025 at 6:07 PM
**To:** Chip Chiles <cchiles@qgtlaw.com>
**Cc:** Stacy Hatfield <Stacy_Hatfield@ared.uscourts.gov>, Scott Richardson
<scott@mcdanielwolff.com>, AREDdb_jmchambers
<jmchambers@ared.uscourts.gov>, pryan@bartkolaw.com
<pryan@bartkolaw.com>, Kate Falkenstien <kfalkenstien@bartkopavia.com>,
John Keville <JKeville@sheppardmullin.com>, Robert Green
<RGreen@sheppardmullin.com>, Chante Westmoreland
<CWestmoreland@sheppardmullin.com>, John Tull <jtull@qgtlaw.com>, R.
Ryan Younger <ryounger@qgtlaw.com>, Glenn Larkin <glarkin@qgtlaw.com>,
Walmart-Zest <walmart-zest@bartkopavia.com>
**Subject:** Re: Zest v. Walmart

> CAUTION: This email originated from outside of the organization. Do not click links
> or open attachments unless you recognize the sender and know the content is
> safe.

I ask that all post trial motions be filed by June 24, 2025. I am going to be out of
state for most of the time between now and then. I will not be able to review
them until then.
Sent from my iPad


On May 13, 2025, at 12:26 PM, Chip Chiles <cchiles@qgtlaw.com>
wrote:


**CAUTION – EXTERNAL:**

Judge Moody:

Walmart requests the opportunity to brief the issue of exemplary
damages before the entry of judgment because this issue is left to
the Court's discretion. Several of our team have travel plans in the
near future. If it is acceptable to the Court that we brief the issue,
please let us know the Court's preferred schedule or whether we
should suggest one. Thank you.

Respectfully,

Chip Chiles

**From:** Stacy Hatfield <Stacy_Hatfield@ared.uscourts.gov>
**Sent:** Sunday, May 11, 2025 7:18:00 PM
**To:** Scott Richardson <scott@mcdanielwolff.com>; Chip Chiles
<cchiles@qgtlaw.com>; Jay Moody <Jay_Moody@ared.uscourts.gov>
**Cc:** AREDdb_jmchambers <jmchambers@ared.uscourts.gov>;
pryan@bartkolaw.com <pryan@bartkolaw.com>; Kate Falkenstien
<kfalkenstien@bartkopavia.com>; John Keville
<jkeville@sheppardmullin.com>; Robert Green
<rgreen@sheppardmullin.com>; Chante Westmoreland
<cwestmoreland@sheppardmullin.com>; John Tull <jtull@qgtlaw.com>; R.
Ryan Younger <ryounger@qgtlaw.com>; Glenn Larkin <glarkin@qgtlaw.com>;
Walmart-Zest <walmart-zest@bartkopavia.com>
**Subject:** Court's Jury Instructions and Verdict Form

**[EXTERNAL EMAIL]**

In an attempt to add language about employees being the agent of the principal
as requested by Zest, I have included 8th Cir. Model Instruction 5.23 as
Instruction 7 to discuss in the morning.


Stacy

Stacy Hatfield
Law Clerk to the
Honorable James M. Moody Jr.
501-604-5150


<image001.png>


**From:** Scott Richardson <scott@mcdanielwolff.com>
**Sent:** Sunday, May 11, 2025 2:19 PM
**To:** Chip Chiles <cchiles@qgtlaw.com>; Jay Moody
<Jay_Moody@ared.uscourts.gov>
**Cc:** AREDdb_jmchambers <jmchambers@ared.uscourts.gov>; Stacy Hatfield
<Stacy_Hatfield@ared.uscourts.gov>; pryan@bartkolaw.com; Kate
Falkenstien <kfalkenstien@bartkopavia.com>; John Keville
<jkeville@sheppardmullin.com>; Robert Green
<rgreen@sheppardmullin.com>; Chante Westmoreland
<cwestmoreland@sheppardmullin.com>; John Tull <jtull@qgtlaw.com>; R.
Ryan Younger <ryounger@qgtlaw.com>; Glenn Larkin <glarkin@qgtlaw.com>;
Walmart-Zest <walmart-zest@bartkopavia.com>
**Subject:** Re: Zest v. Walmart -- Jury Instructions

**CAUTION - EXTERNAL:**

Good afternoon Judge Moody,

Attached are Plaintiffs' recommended changes to the jury instructions and verdict forms with a supporting brief. Exhibit B is Plaintiffs' full proffered jury instructions with some explanatory notes following each one. Exhibit A is redline version of the jury instructions that Court shared with the parties on May 9, 2025,  and Exhibit C is a redline of the verdict forms. Exhibit D is the Bench Brief we previously filed requesting an instruction explaining the difference between patent and trade secret law for ease of reference. We will file the attached of record as well.

Best,

Scott

**From:** Chip Chiles <cchiles@qgtlaw.com>
**Date:** Sunday, May 11, 2025 at 9:49 AM
**To:** Jay Moody <jay_moody@ared.uscourts.gov>
**Cc:** jmchambers@ared.uscourts.gov
<jmchambers@ared.uscourts.gov>, Stacy Hatfield
<stacy_hatfield@ared.uscourts.gov>, pryan@bartkolaw.com
<pryan@bartkolaw.com>, Kate Falkenstien
<kfalkenstien@bartkopavia.com>, Scott Richardson
<scott@mcdanielwolff.com>, John Keville
<jkeville@sheppardmullin.com>, Robert Green
<rgreen@sheppardmullin.com>, Chante Westmoreland
<cwestmoreland@sheppardmullin.com>, John Tull
<jtull@qgtlaw.com>, R. Ryan Younger <ryounger@qgtlaw.com>,
Glenn Larkin <glarkin@qgtlaw.com>
**Subject:** Zest v. Walmart -- Jury Instructions

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Judge Moody:

The first attachment is  Walmart's objections to the jury instructions and verdict forms provided by the Court on May 9 and Walmart's additional proffers.  The other attachments are exhibits, which include the Court's May 9 and May 7 instruction sets and Walmart's additional proffered instructions.  I understand PACER is down today, but we intend to file these tonight.  Thank you.

Respectfully,

E. B. (Chip) Chiles IV | Quattlebaum, Grooms & Tull PLLC | 501.379.1734

---

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**